IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALAXONE) ANTITRUST LITIGATION | : MDL NO. 2445<br>: 13-MD-2445<br>:<br>: |
| THIS DOCUMENT APPLIES TO:<br>ALL ACTIONS | :<br>:<br>:<br>: |

## PRETRIAL ORDER NO. 1

**AND NOW**, this 2nd day of July, 2013, upon consideration of the Order of the Judicial Panel on Multidistrict Litigation (Doc. No. 1), it is hereby **ORDERED** as follows:

1. **APPLICABILITY OF ORDER.** This Order shall govern the practice and procedure in the actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, all related actions originally filed in this Court or transferred or removed to this Court, and any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of this Court.

2. **CONSOLIDATION.** The actions described in Paragraph One of this Order are **CONSOLIDATED** for pretrial purposes.

   a. **FUTURE ACTIONS.** Any "tag-along" action later filed in, removed to or transferred to this Court, or related cases directly filed in the Eastern District of Pennsylvania, shall automatically be assigned to the undersigned and be consolidated with this action.

   b. **LIMITATIONS.** This consolidation does not constitute a determination that the actions described in Paragraph One of this Order should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not

1

been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. **INITIAL CONFERENCE.** An initial status conference will be held on **Thursday, August 1, 2013 at 10:00 a.m.,** in Courtroom 4B of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

a. **GENERAL RESPONSIBILITIES OF COUNSEL.** Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth ("MCL 4th"), and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical and just resolution of this litigation

b. **APPEARANCE AT CONFERENCE.** One attorney representing each party shall appear at the initial conference. To minimize costs and facilitate a manageable conference, parties with similar interests may agree to have an attending attorney represent their interest at the conference. Any party appearing through a designated attorney instead of its attorney of record shall serve written notice of such arrangement **no later than July 26, 2013**. By designating an attorney to represent its interest at the conference, a party will not be precluded from other representation during the litigation, nor will attendance at the conference constitute waiver of any objections to jurisdiction, venue or service.

c. **APPLICATIONS / NOMINATIONS.** The Court intends to select interim liaison counsel for the plaintiffs and interim liaison counsel for the defendants to facilitate administrative issues in advance of the initial conference. The Court then intends to select liaison counsel for the plaintiffs and liaison counsel for the defendants to perform largely administrative functions. The following is a nonexclusive description of the basic responsibilities of liaison counsel, and of the selection process the Court will use to fill these positions.

(1).   **LIAISON COUNSEL.**  Counsel for each group of parties whose interests are similarly aligned shall confer and seek consensus on candidates for the position of interim liaison counsel and liaison counsel.  Appointment of liaison counsel shall be subject to the approval of the Court.  Liaison counsel will be charged with essentially administrative functions.  For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and the performance of other tasks determined by the Court.  Liaison counsel shall be required to maintain complete files with copies of all documents served upon them in hard copy or electronic form, and to make such files available to parties within their liaison group upon request.  Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 4.1(d) of the Panel's Rules of Procedure or from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.  The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or established by the Court failing such agreement.  At the first conference, the parties should be prepared to discuss any additional matters consistent with the efficient operation of this function.

**No later than July 12, 2013**, counsel for the plaintiffs shall confer and submit the name of counsel proposed for the position of interim plaintiffs' liaison counsel until liaison counsel is selected by the Court.

**No later than July 12, 2013**, counsel for the defendants shall confer and submit the name of counsel proposed for the position of interim defendants' liaison counsel until liaison

counsel is selected by the Court.

**No later than July 26, 2013**, counsel for the plaintiffs shall confer and submit a maximum of three candidates for the position of liaison counsel, which may include interim liaison counsel. Each candidate's name shall be submitted to the Court with a current *curriculum vitae* and any other pertinent information for the Court to consider.

**No later than July 26, 2013**, counsel for the defendants shall confer and submit a maximum of three candidates for the position of liaison counsel, which may include interim liaison counsel. Each candidate's name shall be submitted to the Court with a current *curriculum vitae* and any other pertinent information for the Court to consider.

    d.    **PRE-CONFERENCE SUBMISSIONS.** In addition to any notices of designated counsel as described in Paragraph 3.b, interim liaison counsel shall submit the following items to the Court as specified below.

    (1).    **POSITION STATEMENT.** Interim liaison counsel shall submit, **no later than July 18, 2013**, a brief written statement of the parties' preliminary understanding of the facts involved in the litigation and the critical legal and factual issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence for any purpose in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, along with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs, and one such submission for all defendants.

    (2).    **PROPOSED CASE MANAGEMENT ORDERS.** The parties shall confer and interim liaison counsel shall submit one or more joint proposed case management order(s), as appropriate, **no later than July 18, 2013**. In the event the parties cannot agree on

particular items, they shall include in the proposed order(s) brief statements of their respective positions. The proposed order(s) must include detailed provisions regarding: dates for amendment of pleadings; cut-off dates to file dispositive motions and other pretrial motions; and a discovery plan, insofar as is practicable at this time.

       (3).   **AGENDA.** The parties shall confer and liaison counsel shall submit a joint proposed agenda for the August 1, 2013 initial conference **no later than July 18, 2013**. In the event the parties cannot agree on particular items, interim liaison counsel shall include in the proposed agenda brief statements of the respective positions. The parties should be guided generally by reference to the items listed in MCL 4th sections 22.6, 22.61, 22.62 and 22.63, insofar as they are applicable. The proposed agenda must include these items: discovery plan; amendment of pleadings; consideration of class action allegations and motions; any additional motion practice; potential use of steering committees; and the feasibility of filing a consolidated complaint. The proposed agenda shall be submitted to the Court by filing the original with the Clerk's Office.

       e.   **EXTENSION AND STAY.** The defendants are granted an extension of time for responding by motion or answer to the complaints until a date to be set by this Court. All discovery proceedings are stayed.

       4.   **MASTER DOCKET FILE.** The Clerk of Court will maintain a master docket case file styled: "In Re: Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation" at Eastern District of Pennsylvania Action No. 13-MD-2445. When a pleading is intended to be applicable to all actions, the caption should state: "This Document Relates to All Actions." When a pleading is intended to apply to fewer than all cases, this Court's civil action number for each individual case to which the document relates shall appear immediately after the

words "This Document Relates To." All pleadings, motions and other filings that apply to individual cases must be cross-filed, electronically through Electronic Case Filing ("ECF") to the master docket **and** to the individual civil actions dockets. All motions currently pending in individual cases must be cross-filed to the master docket within 14 days of the date of this Order.

     5. **FILING.** Documents after the initial complaint shall be filed with the Clerk of this Court and not with the transferor court. **All such pleadings must be filed electronically through ECF.** Counsel shall take steps as necessary to be registered as electronic filers in the Eastern District of Pennsylvania and to familiarize themselves with the Court's administrative procedures for filing as soon as practicable.

     6. **DOCKETING.** When an action that properly belongs as a part of this MDL is hereinafter filed in the Eastern District of Pennsylvania or transferred here from another court, the Clerk of this Court shall:

- File a copy of this order in the separate file for such action;
- Make an appropriate entry on the master docket sheet;
- Mail the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;
- Upon the first appearance of any new defendant, mail to the attorneys for such defendant a copy of this Order.

     7. **APPEARANCES**. Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. Association of local counsel is not required. All counsel, however, must familiarize and comport themselves in accordance with the Pennsylvania Rules of Professional Conduct and the Local

Rules of this Court.

8. **REMAND STIPULATIONS.**  In the event a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

9. **PRESERVATION.**  All parties and their counsel are reminded of their duty, consistent with the Federal Rules of Civil Procedure, to take reasonable measures to preserve documents, electronically stored information and any other items that are potentially relevant.

10. **COMMUNICATION WITH THE COURT.**  Unless otherwise ordered by this court, all substantive communications with this Court shall be in writing, with copies to opposing counsel.

11. **COMMUNICATION AMONG COUNSEL.**  The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation.  The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client or the protection afforded attorney work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the attorney work product doctrine.

It is so **ORDERED**.

        **BY THE COURT:**
        **/s/ Mitchell S. Goldberg**

        _____
        **MITCHELL S. GOLDBERG, J.**