## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALAXONE) ANTITRUST LITIGATION | : : : : | MDL NO. 2445 13-MD-2445 |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : : : : | |

## ORDER

**AND NOW**, this 19th day of December, 2013, upon consideration of the "Second Joint Motion for a Protective Order" (Doc. No. 85), it is hereby **ORDERED** that:

— The joint motion is **GRANTED**.

— The Stipulated Protective Order attached hereto is **APPROVED and ADOPTED**.

— With regard to the disputed language on clawback procedures in the event of an inadvertent disclosure of privileged information, found at Section (D)(2)(b) of the Stipulated Protective Order, the Court adopts Plaintiffs' proposal: "Upon receiving notification under paragraph (a) above, the receiving party shall treat such materials in accordance with Federal Rule of Civil Procedure 26(b)(5)(B)."

BY THE COURT:

/s/ Mitchell S. Goldberg

**MITCHELL S. GOLDBERG, J.**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | MDL NO. 2445 |
| | Master File No. 2:13-MD-02445-MSG |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

### STIPULATED PROTECTIVE ORDER

WHEREAS, during the course of the above-captioned litigation (the "Action"), the Plaintiffs and the Defendants in this Action (collectively, the "Parties"), as well as certain non-parties, may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary;

WHEREAS, the Parties, by and through their respective counsel, have stipulated, pursuant to Federal Rule of Civil Procedure 26(c), to the entry of the following protective order ("Protective Order") to govern the use, production, storage, handling, and disclosure of documents, information, things, and testimony in this Action;

WHEREAS the Parties have further jointly moved this Court to order the adoption of this Protective Order and have explained why the disclosure of trade secrets and other confidential information could cause injury; and

WHEREAS the Court, having reviewed the terms of the Protective Order, and finding good cause for the entry thereof to prevent unauthorized disclosure and use of the Parties' trade secrets and other confidential information during and after the course of this litigation, *see Pansy v. Borough of Stroudsberg*, 23 F.3d 772, 776 (3d Cir. 1994);

NOW, therefore, the Court hereby ORDERS as follows:

A.    Scope of Protective Order

This Protective Order applies to and governs the use, production, storage, handling, and disclosure of all products of discovery, including but not limited to, documents, information, things, electronically stored information, deposition testimony and exhibits, responses to interrogatories, responses to requests for admission, expert reports and supporting data, and other information—including all copies, excerpts, and summaries thereof—produced, given, or supplied by any Party, non-party, or any other individual or entity in connection with this Action (collectively, "Discovery Material").

B.    Use of Information

Any Discovery Material produced by a Party or a non-party in this Action, including but not limited to any Discovery Material that is designated as "Confidential" or "Highly Confidential" as provided in Section C of this Protective Order, shall be used for purposes of this Action.  Such Discovery Material shall not be used for any business, competitive, personal, private, or public purpose, or for any purpose other than this Action. Disclosure of Discovery Material is prohibited, except as expressly provided in this Protective Order.

C.    Confidentiality

1.    **Designations — "Confidential" and "Highly Confidential"**

a.    Any Party or non-party shall have the right to identify and designate all or any part of a document, discovery response, deposition, or other discovery materials which that party or person produces, serves, or provides in connection the Action  as "Confidential" or "Highly Confidential," as described below.

- 2 -

i.      "Confidential" shall mean Discovery Material which
contains trade secrets or other confidential non-public
research and analysis, development or commercial
information, internal communications regarding
Confidential material, non-public personal information,
which is, in the normal course of business, maintained as
confidential and which has not been released into the public
domain; and other information for which a good faith claim
of need of protection can be made under the Federal Rules
of Civil Procedure and/or applicable law.

ii.     "Highly Confidential" shall mean any Confidential
Discovery Material that contains trade secrets and may
include, highly sensitive and non-public research and
analysis, customer information, current (not more than five
(5) years old) financial, marketing, and strategic business
planning information (including past information indicative
of current practices), current or any future pricing
information, information relating to research, development,
testing of, and plans for, a party's existing and proposed
future products, information relating to the processes,
apparatus, or analytical techniques used by a party in its
present or proposed commercial production of such
products, information relating to pending or abandoned

patent applications which have not been made available to the public, communications regarding any of the Highly Confidential Material, and any other information that a party believes in good faith could be used by a competitor to harm its business.  Examples may include  dividends paid by a private corporation to its shareholders, revenues and profits of a private corporation, total dollar purchases by a private customer of a private corporation, pricing to private customers of private corporation and terms of agreement with a third party whose disclosure would breach nondisclosure provisions imposed by that third party.

b.      A Party may designate Discovery Material as "Confidential" or "Highly Confidential," notwithstanding the fact that the designated materials may be in the possession of a different Party or a third party.  In this Protective Order, "Confidential" and "Highly Confidential" Discovery Material are referred to collectively as "Protected Material."

2.      **Process of Designation**

a.      Any Protected Material may be so designated in the following manner, as applicable.

b.      *Documents*.  Any "Confidential" or "Highly Confidential" document shall be so designated by marking each page of the document as "Confidential"

or "Highly Confidential" in such a way so as not to obscure any part of the text or content.

        c.    *Answers to Interrogatories; Responses to Requests for Admission.* Any "Confidential" or "Highly Confidential" answers to interrogatories or responses to requests for admission shall be so designated by means of a statement within each of the answers or responses specifying that it is designated "Confidential" or "Highly Confidential" in whole or in part, as appropriate. Any such statement asserting that parts of the answers or responses are "Confidential" or "Highly Confidential" shall specify all parts that are subject to such designation.

        d.    *Depositions; Deposition Exhibits.*

        i.    Any Protected Material provided or contained in deposition testimony or a deposition exhibit shall be so designated by a statement to such effect on the record and in the course of the deposition by counsel for the Party or witness testifying, or alternatively, by letter from such counsel sent within thirty (30) days of receipt of the official deposition transcript or a copy thereof. For the entirety of the thirty-day period described above and the preceding time before receipt of the final transcript, the entire deposition testimony and transcript, including exhibits, shall be treated as "Highly Confidential" under this Protective Order.

        ii.    The front page of the original transcript and each copy thereof shall be marked "Confidential" or "Highly Confidential" as appropriate.

- 5 -

iii.    If all or part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the videocassette or DVD, plus any container, shall be so labeled.

e.    *Electronically Stored Information.*  Any electronically stored Discovery Material may be designated as "Confidential" or "Highly Confidential" by means of a cover letter referring generally to such matter or by labeling such material "Confidential" or "Highly Confidential" as appropriate on the CD, DVD, hard drive, or other medium used to transmit the data.  Whenever a Party to whom electronically stored Discovery Material so designated is produced reduces such information to hard copy form, such Party shall mark the hard copy as provided by the relevant part of this Section C(2).

3.    **Inadvertent or Mistaken Disclosure of Undesignated or Misdesignated Discovery Material**

a.    Any Party that inadvertently fails to designate or misdesignates any Discovery Material pursuant to this Protective Order at the time of its production may subsequently make a designation or a correction of the initial designation.  The failure to designate such material in the initial production shall not be deemed a waiver of the designation.

b.    Any redesignation or correction, along with notice thereof, shall be made in writing within a reasonable time of discovery of the non-designation or misdesignation, and shall be accompanied by substitute copies with appropriate designations.

- 6 -

c.      All persons who received the non-designated or misdesignated Discovery Material prior to receipt of such notice shall, within five (5) days of receipt of substitute copies, destroy the non-designated or misdesignated Discovery Material or return it to the law firm representing the producing Party.

d.      All persons who reviewed the non-designated or misdesignated Discovery Material prior to receipt of such notice shall abide by the relevant provisions of this Protective Order with respect to the use and disclosure of any Discovery Material contained in the nondesignated or misdesignated Discovery Material.

4.      **Objections to Designations**

a.      No Party is required to challenge the propriety of designating Discovery Material as Protected Material at the time such designation is made.  A failure to make such a challenge at the time of designation shall not preclude a subsequent challenge at any time thereto.

b.      If a Party objects to a designation pursuant to this Protective Order, the objecting Party shall consult with the designating Party to attempt to resolve the dispute. If the Parties are unable to resolve the dispute within fourteen days, the objecting Party may move the Court for a ruling that the designation is improper.

c.      If such a motion is made, the designating Party shall have the burden of establishing the propriety of the designation, and must make a showing that the disclosure of the information is protected under the Federal Rules of Civil Procedure (or other applicable law).  Any Discovery Material that is the subject of such a motion shall be treated in accordance with the requirements for the relevant designation until the Court issues its ruling on the motion.

d.      Nothing in this Protective Order shall be construed to create a

presumption in favor of confidentiality.  This Protective Order does not alter the

applicable law concerning burdens of proof when challenging a designation.

5.      **Permissible Disclosure of Materials – This Action**

a.      Access to any Discovery Material designated as Confidential shall

be limited to the following:

i.      A Party's inside counsel and outside counsel of record

(including members, partners, of-counsel, or associates of such counsel's firm), as

well as any other licensed attorney retained to assist counsel of record in this

Action and such counsel's paralegal, investigative, secretarial and clerical

personnel who are assisting such counsel in this Action;

ii.      Up to four directors, officers, employees or agents of each

Party, in addition to the individuals set forth in Paragraphs 5(a)(i), (iii), and (iv),

may review any individual document, deposition transcript, interrogatory

response, or response to a request for admission designated Confidential;

iii.      Any outside photocopying, data processing, trial

preparation services (including mock jurors), or graphic production services

employed by the Parties or their counsel to assist in this Action;

iv.      Any expert, consultant, or investigator, or any employee of

such expert, consultant, or investigator, who is not employed by or otherwise

affiliated with any Party (or any parent, subsidiary, or affiliate of a Party) or any

Party's competitor and is retained by counsel for a Party for the purposes of

consulting or testifying in this Action.  Any such expert, consultant, or

- 8 -

investigator must not have been an employee of any Party (or any parent,

subsidiary, or affiliate of a Party) within the preceding eighteen months. Finally,

any such expert, consultant, or investigator must have been expressly retained by

counsel for a Party for the purposes of consulting or testifying in this Action, and

must first execute a copy of the Certification attached as Exhibit A to this

Protective Order;

v.      Any person who is identified by a Party as having prepared,

received, reviewed or been provided access to such Discovery Material prior to its

production in this Action;

vi.     Any witness at a deposition, if the examining counsel has a

good faith basis to believe the witness has knowledge of the specific information

reflected in the Discovery Material even if the witness is not the author or a stated

recipient of the Discovery Material;

vii.    This Court or any other Court exercising jurisdiction with

respect to this Action, as well as Court personnel, jurors, and persons recording,

taking, or transcribing testimony or argument at any deposition, hearing, trial, or

appeal in this Action; and

viii.   Any other person to whom the Party designating the

Discovery Material as Confidential agrees in advance of the disclosure, in writing

or on the record, to disclose it.

b.      Access to any Discovery Material designated as Highly

Confidential shall be limited to the individuals described in section 5(a)(iii)-(viii), and a

Party's outside counsel of record (including members, partners, of-counsel, or associates

- 9 -

of such counsel's firm), as well as any other outside licensed attorney retained to assist counsel of record in this Action and such counsel's paralegal, investigative, secretarial and clerical personnel who are assisting such counsel in this Action

      c.     When Protected Material is to be referred to, discussed, or disclosed in the course of a deposition in this Action, the Party designating Protected Material may require the exclusion from the proceedings of any person who is not authorized to have access to the Protected Material under the terms of this Protective Order.  A person otherwise authorized to be present at such a deposition may only be excluded from the deposition for the period of time in which such Protected Material is being referred to, discussed, or disclosed.

      d.     Counsel of record are responsible for employing reasonable measures consistent with this Protective Order to control access to and distribution of any Protected Material.  Any person receiving Protected Material shall take reasonable care to ensure that the information is not communicated or disclosed to anyone who is not authorized under Section C(3) to receive such information.

      e.     Any person who receives Protected Material is prohibited from disclosing it to any other person except in conformance with this Protective Order. Furthermore, any such person shall maintain any such Protected Material received in a secure area and shall exercise, at the very least, the same standard of due and proper care with respect to the storage, custody, use or dissemination of such Protected Material as is exercised by the recipient with respect to its own proprietary information. Any such standard shall, at the very least, be reasonably calculated to maintain the confidentiality of the Protected Material.

- 10 -

f.      Every person, other than Court personnel, court reporters and

outside counsel for the Parties (excluding outside counsel's stenographic, clerical,

secretarial, paralegal or other personnel whose administrative functions require access to

the Protected Material), who receives Protected Material shall read this Protective Order

before receiving such Protected Material and shall execute a copy of the Certification

attached as Exhibit A to this Protective Order.  Counsel for each Party shall maintain a

file containing the Certifications executed by each such person.

g.      Within sixty (60) days after the final resolution of this Action, all

Protected Material shall be returned to counsel for the Party that produced it or,

alternatively, shall be destroyed.  In addition, the Parties shall make reasonable best

efforts to locate and destroy the portions of any Discovery Material that contains or

reflects any references to, or mention of, Protected Material.  At the conclusion of the 60-

day period, each party shall certify, in writing, that all Discovery Material subject to this

provision has been returned to counsel for the producing party or has been destroyed.

Counsel for the Parties shall be entitled to retain (i) all papers filed with the Court and

exhibits thereto, including pleadings, motions, briefs, and affidavits, as well as (ii)

deposition transcripts and exhibits, and (iii) the trial record.

h.      If Protected Material is disclosed to any person other than in

accordance with this Protective Order, the Party responsible for the disclosure must

immediately bring all pertinent facts relating to such disclosure to the attention of the

designating Party.  The Party responsible for the disclosure must also make every effort

to retrieve the improperly disclosed information and to prevent further unauthorized

- 11 -

disclosure on its own part or on the part of the recipient of such Protected Material.  All such efforts shall be without prejudice to the rights and remedies of the designating Party.

6.      Obligations to Non-Parties

a.      If information sought in a discovery request is implicated by a responding Party's obligation to a non-party not to disclose such information, the responding Party shall:

i.      Timely serve a written objection to the production of such information on the basis of its obligation to a non-party not to disclose the information;

ii.     Within seven days of receiving the discovery request, provide the non-party written notice of the pending request and a copy of this Order; and

iii.    If the non-party does not object to the disclosure of information within twenty-one days from which the written notice of the pending request was sent by the Party, the responding Party shall produce the materials (subject to any appropriate designations under the terms of this Order) or

iv.     If the non-party does object to the disclosure of information, the responding Party shall within ten days of the non-party's objection either (A) produce the materials (subject to any appropriate designations under the terms of this Order or stipulated between the Parties to the Action)

or (B) file an appropriate motion (*e.g.*, to quash or for a protective order) for relief from the Court.

7.      **Effect of Designation -- Subpoenas**

      a.      If, at any time, any Protected Material that is in the possession, custody, or control of any person or entity other than the one making the designation is subpoenaed by any court, government agency, legislative body, or other person or entity, the Party or person to whom the subpoena or request is directed shall promptly provide written notice to the designating Party.  Such notice shall include the date set for the production of the subpoenaed information.

        i.      Within five (5) days of receipt of such notice, the designating Party shall inform the subpoenaed Party or person either that it does not object to production of the Protected Material, or that it will seek court protection to prevent such production.

        ii.      If the designating Party responds that it will seek court protection, then the subpoenaed Party or person may not produce the Protected Material on the date set for its production.

        iii.      If the designating Party responds that it will not seek court protection, then the subpoenaed Party or person may produce the Protected Material.

        iv.      If the designating Party fails to respond, the subpoenaed Party or person may produce the Protected Material after five (5) days following the designating Party's receipt of the subpoenaed Party or person's written notice of the subpoena.

8.      **Filing Designated Discovery Material With Court**

      a.      Any Party or counsel for a Party that wishes to disclose any Protected Material in its motions, briefs, memoranda of law, affidavits, or other papers filed with the Court in this Action shall take appropriate steps to protect the confidentiality of such information consistent with this Protective Order.

      b.      The Parties shall cooperate to avoid or minimize the need to file pleadings under seal, including but not limited to responding to any filing-related dedesignation requests within two business days.

      c.      When a party wishes to file Protected Material with the Court, the following procedures shall be observed:

          i.      To the extent practicable, the filing Party shall request dedesignation of Protected Material two business days before the filing.

          ii.      If the producing Party does not agree to dedesignation, the filing Party shall: (A) file with the Court's ECF system, in lieu of any document containing Protected Material, a placeholder document indicating the title of the document and that it is expected to be the subject of a Motion to Seal; (B) cause an unredacted copy of the filling to be served upon all parties consistent with Paragraph 8 of Pretrial Order No. 2; (C) if the filing includes Protected Material designated by a non-party, notify that non-party and identify the Protected Material at issue; and (D) within one

business day of the filing, provide the Court with an unredacted courtesy copy of the filing.

iii.    Within seven business days of the initial filing pursuant to sub-paragraph ii, the producing Party may file a Motion to Seal, including a proposed redacted version of the filing as an exhibit thereto.  If no Motion to Seal is filed within seven business days, or if the Court denies the Motion to Seal, the filing Party shall file an unredacted version of any document not previously filed via ECF.

iv.    Any materials subject to a Motion to Seal shall not be publicly filed until the Court resolves the motion. If the Court grants the Motion to Seal, the filing party shall file the redacted version of the filing via ECF and the unredacted version of the filing pursuant to E.D. Pa. Loc. Civ. R. 5.1.2(7).

d.    Nothing in this Protective Order shall be construed to restrict or limit the use by the Parties of Protected Material at any hearing or trial. It is expected that such hearings and trial shall be the subject of a further protective order or other appropriate Court orders.  At least 48 hours prior to any hearing or trial at which the use of such Protected Material is anticipated, the party expecting to use such material shall give notice to the party who produced the Protected Material, to enable the producing party to seek relief from the Court as appropriate.

9.    **Limitations of Protective Order**

a.    Nothing in this Protective Order shall be construed to affect the right of any Party to maintain its own documents as it chooses, or to disclose or use for any purpose Protected Material, subject to the right of any other Party to seek removal of the designation as a result of such disclosure or use.

b.    Nothing in this Protective Order prevents counsel from advising their clients regarding this Action based in whole or in part upon Protected Material, provided that counsel does not disclose the Protected Material itself or its contents, unless such disclosure of Protected Material is in conformance with this Order.

D.    Disclosure of Privileged Information

1.    **Inadvertent Disclosure Not Waiver**

a.    If a Party produces Discovery Material that is subject to a claim of attorney client privilege, attorney work product, or joint defense privilege/common-interest privilege, or any other privilege, doctrine, right, or immunity ("Privileged Disclosures"), such disclosure shall not constitute or be deemed a waiver or other forfeiture of any claim of privilege or attorney work product protection that the Party making the disclosure would otherwise be entitled to assert with respect to either the disclosed information or its subject matter.  The Parties intend for this provision to control the effect of Privileged Disclosures for the purposes of this Action and any other related proceedings. *See* Fed. R. Evid. 502(d).  Notwithstanding the foregoing, this Protective Order shall not be deemed to limit a Party's right to withhold privileged or work product protected materials pursuant to law.

- 16 -

2.    **Clawback Procedure**

a.    Any Party that inadvertently makes Privileged Disclosures may obtain the return or request destruction of those Privileged Disclosures by promptly notifying the receiving party, in writing, upon learning of the inadvertent production. Such written notice must include a supplemental privilege log providing sufficient information to identify the Privileged Disclosures at issue and the basis for the assertion of any applicable privilege or protection.

b.    PLAINTIFFS' PROPOSAL: Upon receiving notification under paragraph (a) above, the receiving party shall treat such materials in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

b.    DEFENDANTS' PROPOSAL: Upon receiving notification under paragraph (a) above, the receiving party shall **not review the noticed documents any further.** Instead, without review, the receiving party shall within 5 days gather and return to the producing party (or destroy, as appropriate) all copies of the Privileged Disclosures identified as inadvertently produced, except return will not be required for any pages containing privileged markings by the receiving party, which may have the privileged marking redacted or, at the receiving party's option, be destroyed and certified as such by the receiving party to the producing party.

c.    Nothing in this Order shall prevent the receiving party from challenging the propriety of attorney client privilege, attorney work product, or joint defense privilege/common-interest privilege, or any other privilege, doctrine, right, or immunity (based on information independent of the content of the Privileged

Disclosures) by submitting a written challenge to the Court. The producing party shall bear the burden of proving the materials are Privileged Disclosures.

E.      Preservation of Rights and Privileges

    1.      **General Preservation of Objections, Responses, and Challenges**

        a.      Nothing in this Protective Order shall affect any right of a Party or witness to make any otherwise proper type of objection, claim, or response to discovery requests (including, without limitation, interrogatories, requests for admission, requests for production, or questions at deposition).  This Protective Order shall not be construed as a waiver by any Party of any legally cognizable privilege to withhold production of Discovery Material, or of any right which any Party may have to assert such privilege at any stage of the litigation.

        b.      Any Party may, at any time upon notice to all Parties, move this Court for a modification of, or relief from, the terms of this Protective Order.  The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

F.      Binding Effect (Parties and Non-Parties)

        This Protective Order is binding on all Parties and all non-parties who have signed or will sign a copy of the Certification attached as Exhibit A to this Protective Order.  Any non-party who is obligated to provide discovery in this Action shall be afforded the protections of this Protective Order upon signing a Certification. Any non-party who signs a Certification also agrees to be bound by the terms of this Protective Order.

    1.      **Duration**

This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by further order by the Court. The obligations of this Protective Order shall survive the termination of this Action.

2. **Compliance Not an Admission**

Compliance by any Party or non-party with the terms of this Protective Order shall not operate as an admission that any particular material is or is not confidential, privileged, or admissible in evidence at trial.

3. **Enforcement after Final Resolution**

This Court shall retain jurisdiction to enforce the provisions of this Protective Order after final resolution of this Action.

IT IS SO ORDERED: _____

Dated:_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE SUBOXONE (BUPRENORPHINE
HYDROCHLORIDE AND NALOXONE)
ANTITRUST LITIGATION

**THIS DOCUMENT RELATES TO:
ALL ACTIONS**

MDL NO. 2445

Master File No. 2:13-MD-02445-MSG

**CERTIFICATION**

1.    My name is _____

2.    I live at _____

3.    I am employed as (state position)_____ , and

my employer is (state name and address)_____

4.    I have received and read a copy of the Protective Order that has been

entered in this Action. I understand the provisions of this Order, and I agree to comply

with, and to be bound by, its provisions.  I also consent to the jurisdiction of this Court

with respect to enforcement of this Order.

5.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _____ by _____

Signed: _____