## GARWIN GERSTEIN & FISHER LLP

| | COUNSELORS AT LAW | SIDNEY L. GARWIN |
| --- | --- | --- |
| BRUCE E. GERSTEIN | 1501 BROADWAY | (1908-1980) |
| SCOTT W. FISHER | NEW YORK, NY  10036 | -- |
| JOSEPH OPPER | | ELENA K. CHAN |
| | TELEPHONE: (212) 398-0055 | EPHRAIM R. GERSTEIN |
| | | JONATHAN M. GERSTEIN |
| **OF COUNSEL** | FAX: (212) 764-6620 | KIMBERLY M.  HENNINGS |
| | | DAN LITVIN |
| NOAH H. SILVERMAN | SENDER'S E-MAIL: khennings@garwingerstein.com | ANNA TYDNIOUK |

February 27, 2015

**VIA ECF**

The Honorable Mitchell S. Goldberg
7614 United States Courthouse
601 Market Street
Philadelphia, PA 19106

   Re: *In re: Suboxone (Buprenorphine Hydrochloride and Nalaxone)*
     *Antitrust Litig.*, MDL No. 2445 (E.D. Pa.) (MSG)

Dear Judge Goldberg:

  Direct Purchaser Class Plaintiffs ("DPC Plaintiffs") write in response to the Court's order directing the parties to submit letter briefing concerning the areas on which the parties were unable to reach agreement with respect to discovery and scheduling. *See* ECF No. 124.

  As noted in the parties' joint submission, there are two areas on which the parties were unable to reach agreement.

### Scheduling of the Motion for Class Certification and Expert Discovery

  Defendants want to force DPC Plaintiffs to file a motion for class certification six months before the fact discovery period has ended and before expert discovery has even begun.

  This is contrary to current practice, which recognizes that a more complete factual record on the merits may be required to evaluate class certification. *See, e.g., Comcast v. Behrend*, 133 S. Ct. 1426, 1433 (2013) ("our cases require[] a determination that Rule 23 is satisfied, even when that requires inquiry into the merits of the claim"); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) ("the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action") (quotation omitted).  If, by the time class certification motions practice has begun, fact discovery has not already closed, Plaintiffs' experts will likely be required to utilize *assumptions* on the issues of liability, causation, and damages, rather than their ultimate *determinations* on those issues.  As other cases in this district have illustrated, this will create unnecessary work, both for the parties and the Court, when Defendants challenge Plaintiffs' experts' use of assumptions under

1

*Daubert*.[1]  This multiplication of proceedings could be avoided entirely simply by having class motions practice begin *after* Plaintiffs' experts have made their determinations about liability, causation and damages.

DPC Plaintiffs instead propose that class certification motions practice occur immediately after fact discovery closes, coincident with the beginning of expert discovery on the merits (February 3, 2016, see below).  This has two benefits.  First, it ensures there is a sufficient factual record on the merits to allow for a thorough evaluation of class maintainability.  Second, it will save all parties time and money, because under DPC Plaintiffs' proposal *one* set of expert reports will be required, but under Defendants' proposal *two* will be required (one for class certification motions practice and one going to the merits).

Having class motions practice begin after fact discovery has closed is hardly unprecedented.  In the *In re Modafinil Antitrust Litigation*, this Court delayed class certification until a juncture in the case that is even *later* than that which DPC Plaintiffs propose here:  *after* expert discovery was concluded and *after* summary judgment was briefed.  *See In re King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 06-1797, ECF No. 530, ¶¶ 6-9 (Oct. 22, 2013). Here, Plaintiffs merely propose that class certification motions practice occur *during* expert report exchange.

### Defendant Reckitt Benckiser Group plc ("RBG")

In their Second Consolidated Amended Class Action Complaint ("Complaint"), DPC Plaintiffs added allegations concerning the role RBG played in the anticompetitive conduct alleged. It is Defendants' position that that one defendant (RBG) should not have to: (a) answer the Complaint; or (b) respond to discovery requests until the Court rules on Defendants' Motion for Reconsideration of this Court's opinion on the motions to dismiss (ECF No. 99).

Plaintiffs disagree that RBG should be absolved from having to respond to the Complaint or engage in discovery. The basis for the Court's dismissal of RBG as a defendant was the Court's finding that DPC Plaintiffs had not adequately alleged RBG's role in the alleged anticompetitive scheme.[2] However, DPC Plaintiffs' Complaint now contains such allegations;

---

[1] *See e.g.*, *Mylan, Inc. v. Warner Chilcott*, et al., No. 12-3824, ECF Nos. 235-236, 249-252,330, 332- 335, 343, 346-348, 350, 358, 361-362, 367, 377, 381-382, 389.   For example, in that case (which also alleged a scheme involving a product "hop"), Defendants argued that class certification was inappropriate because the economist for the class plaintiffs unreliably utilized assumptions about when other generic Doryx manufacturers would have been  ready, willing and able to launch a generic Doryx capsule.  *See Mylan Inc., v. Warner Chilcott*, et al., No. 12-3824, Defendant Warner Chilcott's Mem. In Support of Mot. to Exclude the Declaration and Testimony of Jeffrey Leitzinger, ECF No. 350 (Redacted Public Version) at 15-16.  This deluge of motions practice would have been wholly avoided had class certification motions practice awaited the close of fact discovery and run concurrently with the exchange of merits expert reports.

[2] *In re Suboxone (Buprenorphine and Nalaxone) Antitrust Litig.*, 2014 U.S. Dist. LEXIS 167204, *112-13 (E.D. Pa. Dec. 3, 2014).

2

the very same allegations that this Court held to be sufficient as to the End-Payor Plaintiffs Complaint.[3] Thus, there is no basis to exempt RBG from participating in this litigation.

### Other

Separately, Plaintiffs have consented to an extension of Defendants' anticipated motion to seal portions of the Second Consolidated Amended Class Action Complaint until four (4) business days after Defendants' receipt of the materials cited therein.

Respectfully submitted,

/s/ Kimberly Hennings
Garwin Gerstein & Fisher LLP
Bruce E. Gerstein
Joseph Opper
Kimberly Hennings
88 Pine Street
New York, NY 10005
(212) 398-0055

*Liaison Counsel and Interim Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

Thomas M. Sobol
Lauren Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
(617) 482-3700

*Interim Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
(215) 277-5770

*Interim Co-Lead Counsel for the Direct Purchaser Class Plaintiffs*

---

[3] *Id.* at *113-14.

Bruce E. Gerstein
Joseph Opper
Kimberly Hennings
Garwin Gerstein & Fisher, LLP
88 Pine Street
New York, NY 10005
(212) 398-0055

Stuart E. Des Roches
Andrew W. Kelly
Chris Letter
Odom & Des Roches, LLP
650 Poydras Street, Suite 2020
New Orleans, LA 70130
(504) 522-0077

David P. Smith
Susan Segura
David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson St., Suite 111
Alexandria, LA 71303
(318) 445-4480

*Counsel for Burlington Drug Company, Inc.*

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
(215) 277-5770

Eric L. Cramer
David F. Sorensen
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6305
(215) 875-3000


Barry S. Taus
Archana Tamoshunas
Taus, Cebulash & Landau LLP
80 Maiden Lane, Suite 1204

New York, NY 10038
(212) 931-0704

*Counsel for Rochester Drug Co-Operative, Inc.*

Thomas M. Sobol
Lauren Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
(617) 482-3700

*Counsel for Meijer, Inc. and Meijer Distribution, Inc.*