UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
---------------------------------------------------------------X
                                                               )
                                                               )
                                                               )
IN RE SUBOXONE (BUPRENORPHINE                                  )   MDL No. 2445
HYDROCHLORIDE AND NALAXONE                                     )
ANTITRUST LITIGATION                                           )   Master Docket No.
                                                               )   2:13-md-02445-MSG
                                                               )
_____                        )
This Document Relates To:                                      )
                                                               )
ALL ACTIONS                                                    )
                                                               )
---------------------------------------------------------------X
```

### [PROPOSED] PRETRIAL ORDER NO. 3

Pursuant to the Court's February 4, 2015 Order (ECF No. 124), the parties in the above-captioned multidistrict litigation respectfully submit this proposal regarding discovery and scheduling. The parties have met and conferred regarding this proposal.

**I.     NATURE OF CLAIMS AND DEFENSES**

Plaintiffs[1] in these consolidated antitrust class actions allege that purchasers of Suboxone Tablets overpaid for their purchases due to the unlawful conduct of Defendants Reckitt Benckiser Pharmaceuticals, Inc. ("Reckitt") and Reckitt Benckiser Group plc ("RBG").

---

[1] Direct Purchaser Class Plaintiffs ("DPC Plaintiffs") are Burlington Drug Company, Inc., Rochester Drug Co-Operative, Inc., Meijer, Inc. and Meijer Distribution, Inc. End-Payor Class Plaintiffs ("EPC Plaintiffs") are A.F. of L. – A.G.C. Building Trades Welfare Plan, I.B.E.W. 292 Health Care Plan, Meridian Health Plan of Michigan, Inc., Michigan Regional Council of Carpenters Employee Benefits Fund, New York Hotel Trades Council & Hotel Assoc. of New York City, Inc. Health Benefits Fund, Painters District Council No. 30 Health and Welfare Fund, Teamsters Health Services and Insurance Plan Local 404, United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania.

1

Generally, Plaintiffs allege that Reckitt and RBG unlawfully delayed and impeded competition from less expensive generic versions of Suboxone Tablets.[2]

## II.     SUMMARY OF LITIGATION EVENTS

| Date | Event |
| --- | --- |
| June 16, 2013 | Judicial Panel on Multidistrict Litigation transferred individually filed cases to this Court |
| July 2, 2013 | Court consolidated all actions |
| August 7, 2013 | Court set schedule for the filing of consolidated complaints, motion to dismiss briefing, and correspondence concerning discovery pending motions to dismiss |
| August 15, 2013 | DPC Plaintiffs and EPC Plaintiffs filed consolidated complaints |
| September 16, 2013 | Defendants filed Motions to Dismiss DPC and EPC Plaintiffs' complaints |
| October 2, 2013 | Court ordered limited discovery pending resolution of Motions to Dismiss |
| October 15, 2013 | DPC Plaintiffs and EPC Plaintiffs filed Oppositions to Motions to Dismiss filed |
| November 15, 2013 | Defendants filed Reply Briefs in support of Motions to Dismiss |
| December 19, 2013 | Court entered Protective Order |
| December 3, 2014 | Court issued opinion on Motions to Dismiss |
| December 17, 2014 | Defendants filed for Motion for Reconsideration of Court's opinion on Motions to Dismiss |
| January 16, 2015 | DPC Plaintiffs and EPC Plaintiffs filed Oppositions to Defendants' Motion for Reconsideration |
| January 29, 2015 | Court granted Defendants' Motion for Leave to File Reply Brief in Support of Motion for Reconsideration |
| February 23, 2015 | DPC Plaintiffs filed Motion for Leave to Amend Complaint |

## III.     AMENDED COMPLAINTS

On December 3, 2014, the Court issued its opinion resolving Defendants' motions to dismiss.[3] The Court dismissed Plaintiffs' stand-alone REMS-based claims[4] and Plaintiffs' claims

---

[2] Reckitt markets Suboxone Film and formerly marketed Suboxone Tablets in the alleged relevant geographic markets. RBG is Reckitt's former corporate parent, whom Plaintiffs allege directed and approved Reckitt's activities.

[3] ECF No. 97; *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, 2014 U.S. Dist. LEXIS 167204 (E.D. Pa. Dec. 3, 2014).

against three of the five named Reckitt entities (and DPC Plaintiffs' claims against a fourth, RBG), but denied Defendants' motion in all other respects.[5]

On February 23, 2015, DPC Plaintiffs filed a motion for leave to amend, and attached a copy of their proposed Second Consolidated Amended Class Action Complaint ("SCAC").[6] As explained in DPC Plaintiffs' motion for leave to amend, the SCAC: (a) adds the inadvertently omitted allegations concerning market power; (b) adds allegations identifying the role Defendant RBG played in the anticompetitive scheme; and (c) adds allegations based on discovery received to date that bear on Defendants' liability for its overarching anticompetitive scheme, to delay and suppress generic competition.[7]

## IV. DISCOVERY

### A. General

On October 2, 2013, the Court directed that limited discovery go forward while Defendants' motions to dismiss were pending.[8] Specifically, Defendants were directed to produce within thirty days: (1) all documents submitted to or received from the FDA relating to Defendants' 2012 Citizen's Petition; (2) all documents submitted to or received from the FTC in connection with any investigation of Defendants' conduct with regard to Suboxone;[9] and (3) the most recent public versions of Defendants' REMS/RiskMap programs for Suboxone film and

---

[4] Plaintiffs maintain that their REMS-based allegations remain in the case to the extent that they are a part of DPC Plaintiffs' overarching scheme claims. *Id.* at *53. Defendants contest this.

[5] *Id.* at *119.

[6] *See* ECF No. 132.

[7] *See* ECF No. 134 (filed under seal).

[8] *See* ECF No. 63 (the "Order").

[9] Defendants were also ordered to provide Plaintiffs with any document production in response to any other ongoing or future governmental investigation. *Id.*

tablets and the most recent marketing, advertising and promotional material for Suboxone film and tablets.[10] Defendants have produced a significant volume of documents that fall within these categories, and the parties have been corresponding concerning their respective positions on the issue of Reckitt's discovery obligations under the Order.

The parties have also conferred in good faith concerning discovery more generally. Now that Defendants' motions to dismiss have been disposed of, the parties agree that regular discovery should move forward, subject to providing Reckitt time to Answer and allowing the parties to negotiate an ESI agreement. The parties have set forth a proposed schedule below for the Court's approval, outlining their areas of agreement and disagreement.

**B.    Confidentiality of Documents**

The Court entered the Protective Order on December 19, 2013.[11]

**C.    Subjects, Timing, and Phasing of Discovery**

The parties agree that class and merits discovery should begin together.

Plaintiffs will seek discovery on the following topics:

1. The alleged market(s) in which Suboxone and generic Suboxone are sold;

2. Reckitt's alleged ability to control price and/or exclude competitors from those market(s);

3. Reckitt's alleged scheme to delay and/or suppress generic Suboxone tablet competition using its "product hop" strategy and the component strategies it allegedly utilized to implement that scheme and maximize the disruption of the pharmacy substitution mechanism;

---

[10] *Id.*

[11] *See* ECF No. 86.

4. The alleged effects of Reckitt's scheme and the anticompetitive harm (in the form of higher prices, lowered output, and/or reduced consumer choice) it caused;

5. Reckitt's sales of branded Suboxone to direct purchasers;

6. The alleged impact of the scheme on Plaintiffs;

7. Generic Suboxone sellers' alleged readiness/willingness/ability to launch their generic tablet products at earlier times, and their alleged ability to compete in light of Reckitt's scheme; and

8. Reckitt's alleged procompetitive justifications for its scheme and the various components of the scheme.

The inclusion of this listing in the Parties' joint proposal shall not be construed as an admission by Defendants that any particular discovery request bearing on these topics is relevant or otherwise not objectionable.

**D.     Electronically Stored Information and Form of Document Production; Claims of Privilege**

The parties shall prepare and submit to the Court a joint protocol or competing protocols governing electronically stored information and the form of document production by April 10, 2015. These protocols shall include specific provisions to govern: (a) privilege logging obligations; and (b) the procedures for challenging and resolving assertions of privilege or other claims of protection from disclosure. The parties will also negotiate whether these protocols shall address whether, and if so when, Defendants will raise defenses or take positions that require waiver of a claim of privilege or protection, such as an advice of counsel defense.

E.   **Limitations on Discovery**

The parties are meeting and conferring about proposed enlargements of the limits on discovery provided by the Federal Rules of Civil Procedure and local rules.

V.   **PROPOSED SCHEDULE**

Pursuant to the Court's February 4, 2015 Order, the parties have met and conferred in good faith concerning scheduling. The parties have been able to agree on certain aspects of scheduling, including the timing for submission of Reckitt's answer, the commencement of fact discovery, and the timing for trial. In addition, the parties agree that any motion for summary judgment that is filed before the due date for such motions, shall be filed with 2 weeks advance notice to the opposing parties. Nonetheless, the parties have not been able to agree regarding the timing of motions for class certification and the timing of related expert discovery.

The parties' competing proposals concerning the schedule are as follows:

| Event | DPC Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Deadline for EPC Plaintiffs' amendment to the EPC Complaint | colspan March 5, 2015 | |
| Reckitt's Answer or Responsive Pleading (subject to extension depending on the nature of any amendment by EPC Plaintiffs) | colspan April 3, 2015 | |
| Fact Discovery Begins | April 3, 2015 | |
| Rule 26(a) Disclosures | April 3, 2015 | |
| Fact Discovery Closes | January 3, 2016 | March 3, 2016 |
| Motions for Class Certification (with any expert report in support thereof) | February 3, 2016 | September 11, 2015 |
| The party with the burden of proof on an issue serves its experts reports on that issue | February 3, 2016 | April 4, 2016 |
| Oppositions to Motions for Class Certification (with any expert report in support thereof) | March 9, 2016 | October 30, 2015 |
| Parties serve responsive expert reports | March 9, 2016 | May 17, 2016 |

| Event | DPC Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Reply briefs in support of Class Certification | April 13, 2016 | December 4, 2015 |
| Parties serve rebuttal reports | April 13, 2016 | June 10, 2016 |
| Expert discovery closes | May 25, 2016 | July 11, 2016 |
| Motions for Daubert/Summary Judgment | August 8, 2016 | |
| Oppositions to Daubert/Summary Judgment | September 9, 2016 | |
| Replies to Daubert/Summary Judgment | September 30, 2016 | |
| Joint final pretrial conference statement and proposed order to be filed | December 7, 2016 | |
| Pretrial conference | TBD | |
| Trial | January 9, 2017 | |

The parties provide further support for their proposed schedules in the letter-briefs filed concurrently with this proposal. Those letter-briefs also discuss: (a) the parties' positions regarding the timing of RBG's participation while the motion for reconsideration remains pending; and (b) Defendants' position regarding the timing of certain depositions.

Dated:  February 27, 2015                              Respectfully Submitted,

/s/ Kimberly Hennings
Garwin Gerstein & Fisher LLP
Bruce E. Gerstein
Joseph Opper
88 Pine Street, Wall Street Plaza
New York, NY 10005
(212) 398-0055

*Liaison Counsel, Interim Co-Lead Counsel for the Direct Purchaser Class Plaintiffs and Counsel for Burlington Drug Company, Inc.*

Thomas M. Sobol
Lauren Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
(617) 482-3700

*Interim Co-Lead Counsel for the Direct Purchaser Class Plaintiffs and Counsel for Meijer, Inc. and Meijer Distribution, Inc.*

Stuart E. Des Roches
Andrew W. Kelly
Chris Letter
Odom & Des Roches, LLP
650 Poydras Street, Suite 2020
New Orleans, LA 70130
(504) 522-0077

David P. Smith
Susan Segura
David C. Raphael, Jr.
Erin R. Leger
Smith Segura & Raphael, LLP
3600 Jackson St., Suite 111
Alexandria, LA 71303
(318) 445-4480

*Additional Counsel for Burlington Drug Company, Inc.*

Peter Kohn
Joseph T. Lukens
Faruqi & Faruqi LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
(215) 277-5770

*Interim Co-Lead Counsel for the Direct Purchaser Class Plaintiffs and Counsel for Rochester Drug Co-Operative, Inc.*

Eric L. Cramer
David F. Sorensen
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6305
(215) 875-3000

Barry Taus
Archana Tamoshunas
Taus, Cebulash & Landau, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
(212) 931-0704

*Additional Counsel for Rochester Drug Co-Operative, Inc.*

**JONES DAY**

By: /s/ Kevin D. McDonald

51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel:  (202) 879-3939
Fax:  (202) 626-1700
Email:  kdmcdonald@jonesday.com
**Counsel for Defendants**

8

**HILLIARD & SHADOWEN LLC**

By: /s/ Steve D. Shadowen

39 West Main Street
Mechanicsburg, PA 17055
(855) 344-3298
steve@hillardshadowenlaw.com

**MILLER LAW LLC**
Marvin A. Miller
115 South LaSalle Street
Chicago, IL 60603
(312) 332-3400
mmiller@millerlawllc.com

**MOTLEY RICE LLC**
Michael M. Buchman
275 Seventh Avenue, 2nd Floor
New York, NY 10001
mbuchman@motleyrice.com

**WEXLER WALLACE LLP**
Kenneth A. Wexler
55 West Monroe, Suite 3300
Chicago, IL 60603
(312) 346-2222
kaw@wexlerwallace.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*