# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3743
kdmcdonald@JonesDay.com

February 27, 2015

VIA ECF

The Hon. Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse, Room 7614
601 Market Street
Philadelphia, PA 19106-1797

Re:   *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*,
      No. 2:13-md-02445-MSG

Dear Judge Goldberg:

Pursuant to the Court's February 4, 2015 Order (Dkt. No. 124), I write to provide further support for Defendants' positions regarding scheduling in the few areas in which the parties were not able to arrive at agreement. These areas include (a) the timing of class certification and (b) class-related expert discovery, (c) the length of the fact discovery period, and (d) the involvement of Defendant Reckitt Benckiser Group, plc ("RBG") while that defendant's motion for reconsideration remains pending. This letter also briefly addresses additional matters that Defendants propose for discussion at the status conference.

### A.   The Timing of Class Certification

The focal point of disagreement concerns the timing of class certification. Consistent with Rule 23(c)(1)(A), this Court's Local Civil Rule 23.1(c), and the *Manual for Complex Litigation* § 21.133 (4th ed. 2004), Defendants maintain that the class-class certification decision should be made "[a]t an early practicable time" before the advance of significant merits discovery. Fed. R. Civ. P. 23(c)(1)(A); *see also, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) (certification is a "preliminary matter[]" akin to jurisdiction and venue).

In contrast, Plaintiffs propose to delay class certification until after *all* fact discovery has been completed, reasoning that the class and merits inquiries may overlap. But the Supreme Court has already rejected the basis for Plaintiffs' proposal. "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1195 (2013).

The Hon. Mitchell S. Goldberg
February 27, 2015
Page 2

The Federal Rules, the Local Civil Rules, and the *Manual for Complex Litigation* all urge early resolution of class certification for good reason. Before certification is resolved, the parties cannot appropriately value their case and settlement is thus unlikely. This barrier to settlement is removed by early resolution of the certification issue. In addition, early resolution permits discretionary appellate review *before trial*, as the drafters of Rule 23(f) intended. Plaintiffs' trial plan makes no allowance for Rule 23(f) review, nor permits Rule 23(c)(1)(C) to function as intended.

For these reasons, this Court should follow the standard provisions of the federal and local rules, as well as the recent example of the District of Massachusetts, which required class certification motions to be filed only eight months after consolidation of a multi-district antitrust proceeding, and well before the end of fact discovery. *See* Clerk's Notes, *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 1:12-md-2409 (D. Mass. Apr. 18, 2013) (ECF No. 263).

**B.    Timing of Class-Related Expert Discovery**

The parties' dispute over the timing of class certification also entails an ancillary dispute over the timing of expert discovery. The parties agree that three stages of expert reports should be permitted in this case (merits, responsive, and rebuttal reports). The parties further agree that adequate time for depositions should be permitted after the reports, closing expert discovery a month or more after the rebuttal report.

The disagreement concerns Plaintiffs' linkage between the report deadlines and the class certification motions. By allowing for a rebuttal report to be submitted with a reply in support of class certification, Plaintiffs deny Defendants (who will likely oppose class certification) any opportunity to respond to the rebuttal report. Moreover, Plaintiffs will be requiring Defendants to depose their experts twice—once before the opposition to class certification, and once following the rebuttal report. Simply put, this denial of an opportunity to respond and duplication of labor and expense is neither fair nor efficient.

**C.    The Length of the Discovery Period**

The parties have not been able to agree on the appropriate length of the fact discovery period in this matter. Plaintiffs propose a nine months; Defendants eleven. Defendants believe that a longer discovery period is more reasonable given the complexity of the claims and defenses at issue. Notably, Plaintiffs originally proposed a 10-month discovery period, and agreed that 11-months would be appropriate. (*See* Dkt. No. 30 at 7; Dkt. No. 31 at 2.)

Adopting the longer discovery period Defendants propose and that Plaintiffs have previously agreed would be reasonable makes sense for at least four reasons. First, Plaintiffs will not be prejudiced; multiple generic versions of Suboxone tablets have entered the

The Hon. Mitchell S. Goldberg
February 27, 2015
Page 3

marketplace, thus this case concerns monetary damages necessary to remedy alleged past harms. Second, trial will not be delayed; the parties' schedules agree on the timing for trial, despite the different discovery periods. Third, Defendants will need to coordinate their responses to discovery in this case with counsel representing Defendants in other ongoing governmental investigations. Finally, in the experience of counsel for Defendants, there is often a flurry of activity immediately preceding a discovery cut-off date, and both the parties and their counsel will be better able to manage discovery if that deadline does not occur around the Christmas and New Year's holidays.

### D.  The Involvement of RBG and Other Matters for Discussion at Conference

The final area of disagreement between the parties is whether RBG should be required to answer the complaints and participate in discovery while Defendants' motion for reconsideration remains pending. This Court has already dismissed the DPC Plaintiffs' claims against RBG once, and Defendants submit that the authority cited in their motion and reply demonstrate that EPC Plaintiffs also cannot state a claim against RBG based solely on its former corporate relationship with Reckitt. Requiring RBG to participate before that motion is decided would introduce unnecessary costs and expense. Defendants will be prepared to discuss their motion and these authorities at the status conference.

With respect to other matters appropriate for discussion at the conference, Defendants inform the Court that the DPC Plaintiffs have consented to an extension of Defendants' anticipated motion to seal portions of their Second Consolidated Amended Class Complaint until four business days after Defendants' receipt of the materials cited therein. In addition, Defendants advise the Court that, depending on the circumstances at the time that Plaintiffs commence depositions, Reckitt may need to seek a postponement or other relief with respect to certain current or former employees, due to ongoing government investigations. Finally, the Court may wish to consider setting a deadline for any further amendments to the pleadings.

Defendants thank the Court for its time and consideration, and look forward to addressing these matters at the March 5, 2015 Status Conference.

Very truly yours,

/s/ Kevin D. McDonald

Kevin D. McDonald

cc:     All Counsel of Record (by ECF)