# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SUBOXONE ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All End Payor Actions | MDL No. 2445<br><br>Master File No. 2:13-md-02445-MSG |

**END PAYOR PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO AMEND END PAYOR PLAINTIFFS'
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT PURSUANT TO
RULE 15(a) AND 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

LEGAL STANDARD............................................................................................................1

      A.    The Supreme Court and the Third Circuit Require Liberal Amendments....................1

      B.    The Liberal Amendment Standard Applies to the Addition of New Parties................2

ARGUMENT...........................................................................................................................3

      C.    Amendment Poses No Prejudice to Defendants............................................................3

      D.    There Is No Undue Delay or Bad Faith .........................................................................4

      E.    The Proposed Amendments Are Not Futile ..................................................................5

CONCLUSION.......................................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Adams v. Gould, Inc.*,
  739 F.2d 858 (3d Cir. 1984)..................................................................................4, 5

*Arthur v. Maersk, Inc.*,
  434 F.3d 196 (3d Cir. 2006).......................................................................................3

*Blaskiewicz v. County of Suffolk*,
  29 F. Supp.2d 134 (E.D.N.Y. 1998) ..........................................................................3

*Boileau v. Bethlehem Steel Corp.*,
  730 F.2d 929 (3d Cir. 1984).......................................................................................2

*In re Burlington Coat Factory Sec. Litigation*,
  114 F.3d 1410 (3d Cir. 1997).....................................................................................5

*Cornell & Co., Inc. v. Occupational Safety & Health Review Commission*,
  573 F.2d 820 (3d Cir. 1978).......................................................................................4

*Deakyne v. Comm'rs of Lewes*,
  416 F.2d 290 (3d Cir. 1969).......................................................................................3

*Dole v. Arco Chemical Co.*,
  921 F.2d 484 (3d Cir. 1990).......................................................................................2

*Foman v. Davis*,
  371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).................................................2

*Gilliam v. Addicts Rehabilitation Center Fund*,
  2006 U.S. Dist. LEXIS 21377 (S.D.N.Y. Apr. 20, 2006)..........................................2

*Glassman v. Computervision Corp.*,
  90 F.3d 617 (1st Cir. 1996).......................................................................................5

*Johnson v. GEICO Casualty Co.*,
  673 F. Supp. 2d 244 (D. Del. 2009)...........................................................................3

*Lorenz v. CSX Corp.*,
  1 F.3d 1406 (3d Cir. 1993).....................................................................................2, 3

*Masimo Corp. v. Philips Electronics N. Am. Corp.*,
  No. 09-80-JJF-MPT, 2010 WL 1609899 (D. Del. Apr. 20, 2010) ............................2

*In re Initial Public Offerring Sec. Litig.*,
  2008 U.S. Dist. LEXIS 38768 (S.D.N.Y. 2008).........................................................2

iii

*Romero v. Allstate Ins. Co,.*
    2010 U.S. Dis. LEXIS 76050 (E.D. Pa. Jul. 28, 2010) ..........................................................3

*Soler v. G&Y, Inc.*,
    86 F.R.D. 524 (S.D.N.Y. 1980) ......................................................................................2, 3

**FEDERAL STATUTES**

Fed. R. Civ. P. 15(a) ...................................................................................................1, 2, 3, 4, 6

Fed. R. Civ. P. 15(d) ..................................................................................................................2, 5

Fed. R. Civ. P. 21 ......................................................................................................................1, 2, 6

**OTHER AUTHORITIES**

*Fed. Prac. & Proc. Civ.* 2d § 1484 (1990 & 2000 Supp.) ...............................................................3

The End Payor Plaintiffs ("Plaintiffs"), by and through their counsel, respectfully move this Court for leave to amend End Payor Plaintiffs' Consolidated Amended Class Action Complaint pursuant to Rule 15(a) and 21 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiffs respectfully submit this motion should be granted in its entirety.

## INTRODUCTION

On December 3, 2014, this Court entered an Opinion granting, in part, and denying, in part, Defendants' motion to dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("Opinion") [Docket No. 97]. Plaintiffs seek leave to file a Second Amended Class Action Complaint ("Complaint"). The proposed amendments do not seek to alter the legal theory in this case. The proposed amendments are as follows:

- Indivior plc ("Indivior") added as a defendant. Indivior is the successor to Defendant Reckitt Benckiser Group plc. Suboxone is a key to Indivior's revenues;[1] and

- More detailed allegations regarding the effects to competition and damages incurred (and continuing to incur) by Plaintiffs.[2]

For the reasons set forth below, Plaintiffs respectfully submit that this motion should be granted in its entirety.

## LEGAL STANDARD

### A. The Supreme Court and the Third Circuit Require Liberal Amendments

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of court, and directs that courts "should freely give leave when justice so requires." *See*

---

[1] SACCAC ¶ 113.
[2] SACCAC ¶ 144-48.

*also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("leave sought should, as the rules require, be "freely given"). The Third Circuit endorses this liberal view. *See Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984); *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-487 (3d Cir. 1990) ("court[s] should use 'strong liberality' in considering whether to grant leave to amend.") (citations omitted). On a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a), several factors should be considered as to whether: (i) amendment will prejudice the opposing party; (ii) amendment will result in undue delay or is proposed in bad faith; and (iii) the proposed amendment would ultimately be futile**.** *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993). The grant or denial of an opportunity to amend lies within the sound discretion of the District Court. *Foman*, 371 U.S. at 182.[3]

### B. The Liberal Amendment Standard Applies to the Addition of New Parties

In deciding whether to add or remove a party, this Court is guided by "the same standards of liberality afforded motions to amend pleadings under Rule 15." *Soler v. G&Y, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980). Fed. R. Civ. P. 21 provides that "parties may be dropped or added by order of the Court on a motion by any party or its own initiative at any stage of the action and on such terms as are just." *Gilliam v. Addicts Rehabilitation Center Fund*, 05 Civ. 3452(RJH)(RLE), 2006 U.S. Dist. LEXIS 21377 (S.D.N.Y. Apr. 20, 2006); *see also In re Initial Public Offering Sec. Litig.*, 21 MC 92 (SAS), 2008 U.S. Dist. LEXIS 38768 (S.D.N.Y. 2008). A party should be given leave to amend a complaint to add a new party when justice so requires. *See, e.g.*

---

[3] The standard applicable to motions to amend under Fed. R. Civ. P. 15(d) is essentially the same standard that applies to Fed. R. Civ. P. 15(a). *Masimo Corp. v. Philips Electronics N. Am. Corp.*, No. 09-80-JJF-MPT, 2010 WL 1609899, at *1 (D. Del. Apr. 20, 2010).

*Blaskiewicz v. County of Suffolk,* 29 F.Supp.2d 134, 137 (E.D.N.Y. 1998). Amendment is permissible where the claims of the new party "involve the same or related factual and legal questions. *Soler v. G&Y, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980). "The party opposing such amendment has the burden of establishing that leave to amend would be prejudicial or futile." *Id.* at 137.

## ARGUMENT

### C.  Amendment Poses No Prejudice to Defendants

The proposed amendments will not prejudice Defendants. The Third Circuit has determined prejudice to the non-moving party is the "touchstone" for Rule 15(a) decisions. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993). Prejudice means *legal* prejudice - where the non-moving party will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Johnson v. GEICO Cas. Co.*, 673 F. Supp.2d 244, 251 (D. Del. 2009) (*quoting Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)  Even where new allegations are asserted in an amendment, if the evidence "required to meet these new allegations is substantially similar to that which was originally required, prejudice does not exist." *Romero v. Allstate Ins. Co.*, 01-3894, 2010 U.S. Dis. LEXIS 76050 (E.D. Pa. Jul. 28, 2010). In order to defeat a motion to amend, a defendant bears the burden of establishing that its ability to defend itself will be seriously impaired or that amendment would otherwise be unjust. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir, 2006) ("Only when these factors suggest that amendment would be 'unjust' should the court deny leave."). "If no prejudice is found, then leave normally will be granted." *Fed. Prac. & Proc. Civ.* 2d § 1484 (1990 & 2000 Supp.).

3

In this case, Defendants cannot fairly claim they will be prejudiced by the proposed amendments. The theory of the case remains the same. The proposed amendments seek only to add an additional defendant–specifically, the successor to Defendant Reckitt Benckiser Group plc that has continued the course of conduct alleged in the complaint—and to further clarify the effects to competition and damages incurred (and continuing to incur) by Plaintiffs. Under these circumstances, there can be and is *no* genuine prejudice to Defendants. Accordingly, Plaintiffs should be granted leave to amend in the absence of any prejudice to Defendants.

### D. There Is No Undue Delay or Bad Faith

The proposed amendments do not seek to impose any delay nor are they offered in bad faith. The Third Circuit has held that the mere passage of time does not require that a motion to amend be denied on grounds of delay. *Adams v. Gould, Inc.*, 739 F.2d 858 (3d Cir. 1984). Even if the amendments could have been made earlier, delay alone is, in fact, an insufficient ground to deny leave to amend. *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978). Here, there is no delay. The Court's Opinion on Defendants' motion to dismiss issued on December 3, 2014. Defendant Reckitt Benckiser did not "spin off" its pharmaceutical business to Indivior until December 23, 2014. Additionally, under Rule 15(a), "undue delay" refers to delay in the proceedings, not delay in amending the pleadings. There can be no claim in this case that the proceedings have been or will be delayed give that, as of this filing, Reckitt has not answered the first Amended Complaint, the parties have held no Rule 16 conference or Rule 26(f) conference and the Court has not yet set a discovery schedule or trial date. Plaintiffs' amendments are not made in bad faith or with a dilatory motive. Quite the contrary, this is a good faith effort to provide more detailed damages allegations and join additional appropriate parties.

### E.     The Proposed Amendments Are Not Futile

The futility exception is also inapplicable. An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). Here, the proposed amendments concern claims that have previously been addressed by this Court in its motion to dismiss Opinion. Thus, there is no basis to claim the proposed amendments fail to state a cause of action because they would not have survived the motion to dismiss. *Adams*, 739 F.2d at 864.  Furthermore, the addition of Indivior as a new defendant is not futile. Reckitt Benckiser Group plc recently spun off its pharmaceuticals business, through a demerger transaction, forming Indivior as a new entity.  As alleged in the amended complaint, Indivior "is continuing, the course of conduct that the other Reckitt Defendants began." As further alleged, in a recent press release, Indivior identified the United States market for Suboxone as a key factor in Indivior's revenues, and stated that Indivior's "priority in 2015 is to continue to build the Company's future prospects by: preserving our Suboxone Film leadership position in the United States …" As discussed above, these facts occurred subsequent to the Court's motion to dismiss Opinion and Plaintiffs' last pleading. *See* Fed. R. Civ. P. 15(d) (allowing supplemental pleadings for "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

Accordingly, the proposed amendments should be granted in their entirety.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to amend the pleadings pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure should be granted in its entirety.

Dated: March 6, 2015

Respectfully submitted:

**HILLIARD & SHADOWEN LLP**

/s/ Steve D. Shadowen
Steve D. Shadowen
Matthew C. Weiner
39 West Main Street
Mechanicsburg, PA 17055
Telephone: (855) 344-3298
steve@hillardshadowenlaw.com
matt@hilliardshadowenlaw.com

*Counsel for Plaintiff United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania and Interim Co-Lead Counsel for the End-Payor Class*

**SPECTOR ROSEMAN KODROFF & WILLIS, P.C.**
Jeffrey L. Kodroff
John Macoretta
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300
jkodroff@srkw-law.com
JMacoretta@srkw-law.com

*Liaison Counsel for Indirect Purchaser Plaintiffs*

**WEXLER WALLACE LLP**
Kenneth A. Wexler
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
kaw@wexlerwallace.com

*Counsel for Plaintiff Meridian Plan of Michigan, Inc. and Interim Co-Lead Counsel for the End-Payor Class*

**MOTLEY RICE LLC**
Michael M. Buchman
275 Seventh Avenue, 2nd Floor
New York, NY 10001
mbuchman@motleyrice.com

*Counsel for Plaintiff A.F. of L – A.G.C. Building Trades Welfare Plan and Interim Co-Lead Counsel for the End-Payor Class*

**MILLER LAW LLC**
Marvin A. Miller
115 South LaSalle Street
Chicago, IL 60603
Telephone: (312) 332-3400
mmiller@millerlawllc.com

*Counsel for Plaintiff Painters District Council No. 30 Health and Welfare Fund and Interim Co-Lead Counsel for the End-Payor Class*

**WILENTZ, GOLDMAN & SPITZER, P.A.**
Kevin P. Roddy
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Telephone: (732) 636-8000
E-mail: kroddy@wilentz.com

*Counsel for Plaintiff Painters District Council No. 30 Health and Welfare Fund and Interim Executive Committee Member*

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
Natalie Finkelman Bennett
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
nfinkelman@sfmslaw.com

*Counsel for Plaintiff United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania and Interim Executive Committee Member*

**SCOTT & SCOTT LLP**
Joe Gugliemo
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
jguglielmo@scott-scott.com

*Counsel for Plaintiff Michigan Regional Council of Carpenters Employee Benefits Fund and Interim Executive Committee Member*

**HEINS MILLS & OLSON, P.L.C.**
Renae D. Steiner
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 795-9002
rsteiner@heinsmills.com

*Counsel for Plaintiff I.B.E.W. 292 Health Care Plan and Interim Executive Committee Member*

**MILBERG LLP**
Paul Novak
One Kennedy Square
777 Woodward Avenue, Suite 890
Detroit, MI 48226
Telephone: (313) 309-1760
Facsimile:   (313) 447-2038
pnovak@milberg.com

*Counsel for Plaintiff Meridian Health Plan of Michigan, Inc. and Interim Executive Committee Member*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
J. Douglas Richards
88 Pine Street, 14th Floor

New York, NY 10005
Telephone: (212) 838-7797
drichards@cohenmilstein.com

*Counsel for Plaintiff New Your Hotel Trades Council & Hotel Assoc. of New York City, Inc. and Interim Executive Committee Member*

**DUGAN LAW FIRM, APLC**
James R. Dugan
One Canal Place
365 Canal Street, Suite 1000
New Orleans, Louisiana 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181
jdugan@dugan-lawfirm.com
*Counsel for Plaintiff Teamsters Health Services and Insurance Plan Local 404 and Interim Executive Committee Member*

**HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
Frank Schirripa
185 Madison Avenue, 14th Floor
New York, New York 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028

*Counsel for Plaintiff Teamsters Health Services and Insurance Plan Local 404 and Interim Executive Committee Member*

**ZIMMERMAN REED, PLLP**
Anne T. Regan
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
Anne.Regan@zimmereed.com

*Counsel for Plaintiff I.B.E.W. 292 Health Care Plan and Interim Executive Committee Member*

**CERTIFICATE OF SERVICE**

    I, Steve D. Shadowen, hereby certify that on March 6, 2015, I caused End Payor Plaintiffs' Memorandum of Law In Support of Their Motion to Amend End Payor Plaintiffs' Consolidated Amended Class Action Complaint to be filed with the Court's Electronic Case Filing (ECF) system, which will send a notification of filing to all counsel of record.

/s/Steve D. Shadowen