**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: SUBOXONE ANTITRUST LITIGATION | MDL No. 2445 |
| This Document Relates to: All End-Payor Actions | Master File No. 2:13-md-02445-MSG |

**THE END-PAYOR PLAINTIFFS' OPPOSITION
TO DEFENDANT INDIVIOR'S
MOTION TO COMPEL DISCOVERY *(ECF 270)***

Defendant Indivior Inc. unnecessarily has filed a Motion to Compel as the End-Payor Plaintiffs have been producing documents on a rolling basis since January 11, 2016. The End-Payor Plaintiffs' document productions is now substantially complete with few exceptions. For the reasons set forth below, Indivior's Motion to Compel Discovery should be denied in its entirety.

**<u>Background</u>**

Pursuant to the Court's December 22, 2015 Order, the End-Payor Plaintiffs began producing documents on a rolling basis on January 11, 2016. (*ECF* 176). On the first day of production, the End-Payor Plaintiffs produced nearly seven-hundred pages of documents from two of the End-Payor Plaintiffs, and then over the next six months, all of the End-Payor Plaintiffs produced documents, totaling over one-hundred thousands of pages of documents (*Fanning Decl.*, ¶¶ 2-7).[1] Counsel for the End-Payor Plaintiffs has been in regular communication with Indivior's Counsel regarding the progress of the rolling production (*id.* ¶ 3). Indivior has known for months how the End-Payor Plaintiffs were producing on a rolling basis.

During this process, Class Counsel informed Indivior's Counsel of delays as they happened and gave updates on when Indivior should expect the documents (*id.* ¶¶ 3-4). We

---

[1] The Declaration of Lori A. Fanning is attached to this Opposition Memorandum as Exhibit A.

cooperatively informed Indivior and made good-faith efforts to keep the rolling production process moving. Class Counsel sent more than twenty written communications to Indivior's Counsel about the End-Payor Plaintiffs' rolling production, had several phone conferences about the process, and sent thirteen separate transmissions of documents (*id.*). Even after Indivior filed this Motion, we continued with our rolling production (*id.*, ¶ 5).  As it stands today, with few exceptions, the End-Payor Plaintiffs' production is now substantially complete (*id.*, ¶ 7).

<u>Argument</u>

I. **Since January, the End-Payor Plaintiffs have been assembling and producing documents on a rolling basis, in accord with the Court's Order.**

Indivior's Motion suggests that the End-Payor Plaintiffs have repeatedly violated deadlines, but this accusation is not supported. For instance, Indivior argues that only some of the End-Payor Plaintiffs began producing documents on January 11, and that approach violated the rolling production obligation (*Motion*, at 3, 6-7), but the End-Payor Plaintiffs complied with the Order by beginning production with nearly seven-hundred pages of documents on January 11 and continuing thereafter on a rolling basis, with regular communications about the process as it was unfolding (*Fanning Decl.*, ¶¶ 2-7). We made no secret of how we were approaching the rolling production. If Indivior had a serious concern with our approach, then Indivior would not have waited six months to take issue with it. At the June 30, 2016 status hearing --7 days before the Indivior filed the motion to compel-- Indivior's counsel did not complain about the status of our production.  Indeed, Indivior's counsel did not even ask for a deadline for substantial completion of EPPs' document production when Amneal filed a consent motion to extend deadlines. The Court should reject Indivior's after-the-fact objection to this cooperative process.

Indivior also suggests that the End-Payor Plaintiffs have been delinquent in certifying

that the document production is complete (*Motion*, at 5), without explaining the deadline the End-Payor Plaintiffs have missed. To be sure, we initially told Indivior that we were aiming to be substantially finished with document production by May 18, but we later told Indivior that we would not meet our own-voluntary target date (*Decl.*, ¶ 4). The End-Payor Plaintiffs never violated a Court-imposed deadline regarding substantial completeness because none has been imposed of which End-Payor Plaintiffs are aware. In any event, with few exceptions, the End-Payor Plaintiffs' production is now substantially complete (*id.*, ¶ 7).

As an aside, Indivior argues that only one of the End-Payor Plaintiffs have produced an Organization Chart (*Motion*, at 4, n.2), but Indivior omits important facts: one End-Payor Plaintiff produced an organization chart, but no other organization charts exist for the other End-Payor Plaintiffs. Months ago, we advised Indivior of this fact, explaining that these plaintiffs are smaller entities that often do not draw up charts of their limited group of employees (*Decl.*, ¶ 9). There is no failure to produce organization charts.

And finally, Indivior argues that the End-Payor Plaintiffs have failed to identify which documents relate to specific Interrogatory Responses (*Motion*, at 5). We explained to Indivior's Counsel that we could not identify those documents until the production process was reasonably complete, and now that the rolling production process is substantially complete, we have identified documents that relate to those Interrogatory Responses (*Decl.*, ¶ 8).

On the whole, Indivior's Motion is designed to suggest that the End-Payor Plaintiffs have not complied with discovery at all, but that suggestion is not at all accurate. A vague and pejorative motion is not a proper use of Rule 37, and the Motion should be denied in its entirety

Lastly, Indivior asks the Court to award its fees and costs in connection with the Motion (at 6-8), but that request is baseless. The End-Payor Plaintiffs have worked cooperatively and

3

steadily to produce documents on a rolling basis. These circumstances do not support a request for discovery sanctions. Awarding fees and costs would only reward unnecessary motion practice.

### Conclusion

Indivior should have never filed this motion. For the reasons discussed above, the Court should deny Indivior's Motion to Compel Discovery in its entirety.

July 25, 2016

/s/ *Lori A. Fanning*
_____

| | |
|---|---|
| **WEXLER WALLACE LLP** | **MILLER LAW LLC** |
| Kenneth A. Wexler | Marvin A. Miller |
| Thomas A. Doyle | Lori A. Fanning |
| 55 West Monroe Street, Suite 3300 | 115 South LaSalle Street |
| Chicago, IL  60603 | Chicago, IL  60603 |
| (312) 346-2222 | (312) 332-3400 |
| kaw@wexlerwallace.com | mmiller@millerlawllc.com |
| tad@wexlerwallace.com | lfanning@millerlawllc.com |
| | |
| **HILLIARD & SHADOWEN LLP** | **MOTLEY RICE LLC** |
| Steve D. Shadowen | Michael M. Buchman |
| D. Sean Nation | 600 Third Avenue, Suite 2101 |
| 39 West Main Street | New York, NY 10016 |
| Mechanicsburg, PA  17055 | (212) 577-0040 |
|  (855) 344-3298 | mbuchman@motleyrice.com |
| steve@hilliardshadowen.com | |

*Interim Co-Lead Counsel for the End-Payor Plaintiff Class*

**SPECTOR ROSEMAN KODROFF & WILLIS PC**
Jeffrey L. Kodroff
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300
jkodroff@srkw-law.com

*Liaison Counsel for the End-Payor Plaintiff Class*

## <u>CERTIFICATE OF SERVICE BY ELECTRONIC MEANS</u>

I, Lori A. Fanning, one of the attorneys for plaintiff, hereby certify that on July 25, 2016,

service of the foregoing document, was accomplished pursuant to ECF as to Filing Users and I

shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


    /s/   *Lori A. Fanning*
Lori A. Fanning