IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SUBOXONE ANTITRUST LITIGATION | MDL No. 2445 |
| This Document Relates to:    All End Payor Actions | Master File No. 2:13-md-02445-MSG |

**DECLARATION OF LORI A. FANNING IN SUPPORT OF
THE END-PAYOR PLAINTIFFS' OPPOSITION TO
<u>DEFENDANT INDIVIOR'S MOTION TO COMPEL DISCOVERY *(ECF* 270*)*</u>**

I, Lori Fanning, on oath states as follows:

1. My firm is one the Co-Lead Counsel firms for the End-Payor Plaintiffs in this action. I have been directly involved in producing the End-Payor Plaintiffs' documents and communicating with Indivior's Counsel about our production.

2. In connection with the Court Order dated December 22, 2015 *(ECF* 176*)*, the End-Payor Plaintiffs began to produce documents on a rolling basis on January 11, 2016. I sent a letter that day to Indivior's Counsel, enclosing the start of our production. That January 11 transmission included more than six-hundred pages from the files of two of the nine End-Payor Plaintiffs (pages 1-308 from AFL-AGC, and pages 1-384 from Painters District Council # 30).

3. Over the next five months, I was in communication with Indivior's Counsel to continue to produce the End-Payor Plaintiffs' documents on a rolling basis. I sent over 20 separate written communications (either emails or letters) that either enclosed more documents or advised Indivior about issues we were experienced regarding the rolling production process. (I can provide those written communications that I sent to Indivior about the End-Payor Plaintiffs' rolling production, if the Court prefers to read them.) I kept Indivior's Counsel advised of the progress and anticipated timing of the End-Payor Plaintiffs' rolling production. I also had several phone conferences with Indivior's Counsel about the rolling production process.

4.	For example, I sent a letter to Indivior's Counsel on April 18, 2016, stating that the End-Payor Plaintiffs were preparing to complete the rolling production within thirty days. On May 18, 2016, I sent a letter explaining that the End-Payor Plaintiffs had made substantial progress but were still working on their roiling production and would not meet that May 18 target date that we had voluntarily set for ourselves. We continued to produce documents over the weeks that followed. I produced documents and information to Indivior's Counsel by letter, including letters that I sent on January 11, January 20, April 13, April 15, April 18, May 18, three letters on May 23, May 26, May 27, June 16, July 5, July 6, July 7, July 8, July 12, July 14, July 19, and July 22, 2016.

5.	I received Indivior's Motion to Compel Discovery on July 7. I was not expecting any discovery motion, based on the many communications that were part of the cooperative effort to produce documents, and based on the End-Payor Plaintiffs' continuous and ongoing rolling production.

6.	After Indivior filed its Motion, the End-Payor Plaintiffs continued to produce documents. I transmitted documents to Indivior on July 8, July 12, July 14, July 19 and July 22.

7.	The End-Payor Plaintiffs have now substantially completed their productions, with very few exceptions. Their production are as follows:

| **End Payor Plaintiff** | **Pages Produced** |
|---|---|
| A.F. of L-A.G.C. Building Trades Welfare Plan | 1049 pages |
| City of Providence | 49705 pages |
| I.B.E.W. 292 Health Care Plan | 613 pages |
| Meridian Health Plan of Michigan, Inc. | 58290 pages |
| Michigan Regional Council of Carpenters Employee Benefits Fund | 587 pages |
| Painters District Council No. 30 Health and Welfare Fund | 384 pages |

| Teamsters Health Services and Insurance Plan Local 404 | 650 pages |
| --- | --- |
| United Food and Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania | 477 pages |

In addition, each of the End-Payor Plaintiffs has produced sets of electronic records of their transaction data.

8. By letter sent on July 22, 2016, the End-Payor Plaintiffs identified which documents relate to Interrogatory Response # 8, as permitted by the Federal Rules of Civil Procedure. Last Spring, I had advised Indivior's Counsel that the End-Payor Plaintiffs could not identify those documents until the End-Payor Plaintiffs had substantially completed their rolling productions of documents. Consistent with that, we identified those documents for the Fund who had such documents as soon as the rolling production of those documents was complete.

9. One End-Payor Plaintiff (Meridian Health Plan) produced an organization chart, as Indivior requested. Throughout the negotiations on End-Payors' responses and objections to Indivior's requests for production. I advised Indivior's Counsel that none of the other End-Payor Plaintiffs have an organization chart, because, for the most part, they are small entities with few employees, so no other charts existed to be produced. Further to this issue, in the spirit of cooperation and compromise, on June 16, 2016, I provided the full list of custodians for each plaintiff that were searched and provided the applicable category for each as mentioned in the Case Management Order dated December 22, 2015. I have not heard from Indivior's Counsel about those identified custodians.

10. If Indivior has concerns about the completeness of the production by any one of the End-Payor Plaintiffs, Indivior can raise that issue with me and my co-counsel, and we will

3

continue to work cooperatively with Indivior's Counsel on discovery.

This concludes by Declaration.

*/s/ Lori A. Fanning*
Lori A. Fanning

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

    I, Lori A. Fanning, one of the attorneys for plaintiff, hereby certify that on July 25, 2016, service of the foregoing document, was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                                */s/   Lori A. Fanning*
                                                Lori A. Fanning