# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3669
jberman@JonesDay.com

July 26, 2016

VIA ECF

Hon. Timothy R. Rice
United States Magistrate Judge
3029 United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *In re Suboxone Antitrust Litigation*, MDL No. 2445:
      Reply Letter and Request for Telephonic Hearing
      Regarding Indivior's Motion to Compel

We write this letter in reply to End-Payor Plaintiffs' July 25, 2016 Opposition to Indivior's Motion to Compel, and to request a telephonic hearing on that Motion. (ECF 271.)

End-Payors present no excuse for their on-going failure to fulfill discovery obligations that have been pending for over a year. There is no dispute that seven of the nine End Payors did not commence production on the date expressly ordered by the Court; nor can they assert that a single End-Payor plaintiff's production is actually complete, some six months later. They instead argue that they can never be tardy, because the Court never issued a deadline for completing the productions and interrogatory responses. (See Opp'n (ECF 271) at 3.)

Even worse, End-Payors studiously avoid telling either us, or the Court, when they might actually finish the job.

Nor do End-Payors disclose that their recent flurry of July productions came only after the threat of Court involvement. On July 5, 2016, Indivior informed End-Payors that, "[g]iven the passage of time, and the ongoing incomplete status of the document productions, Indivior is likely to file a motion." (The End-Payors' contrary representation (Fanning Decl. (ECF 272) ¶ 5) is inaccurate.) Upon receiving this warning and the subsequent Motion to Compel, End-Payors increased the pace of their productions (Fanning Decl. ¶ 6), demonstrating that seeking the Court's intervention is necessary to obtain any kind of compliance.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Timothy R. Rice
July 26, 2016
Page 2

      Indivior therefore requests a telephonic hearing, at which it can set forth the inadequacy of the EPP response and explain why an award of costs under Rule 37(b)(2)(C) and Rule 37(a)(5)(A) is appropriate. Without the Court's help, the End-Payors will drag out these productions indefinitely.

                                      Very truly yours,

                                      /s/ *Jonathan Berman*

                                      Jonathan Berman

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*End Payor Actions* | **MDL No. 2445**<br><br>**Master File No. 2:13-MD-2445-MSG** |

## CERTIFICATE OF SERVICE

      I, Mark Lentz, do hereby certify that on this 26th day of July, 2016, I served a true and correct copy of the foregoing document upon all counsel of record via the Court's ECF system.

      /s/ *Mark R. Lentz*
      Mark R. Lentz
      *Attorney for Defendant Indivior, Inc.*