IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | MDL No. 2445 |
| THIS DOCUMENT RELATES TO:, | Master File No. 2:13-MD-2445-MSG |
| *Wisconsin, et al v. Indivior Inc. et al.* | Case No. 2:16-cv-5073-MSG |
| STATE OF WISCONSIN By Attorney General **Brad D. Schimel**, *et al.*, Plaintiffs, v. INDIVIOR INC. f/k/a RECKITT BENCKISER PHARMACEUTICALS, INC.; *et al.*, Defendants. | Civ. A. No. 2:16-cv-5073-MSG |

**INDIVIOR INC.'S MOTION TO DISMISS
THE STATE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Indivior Inc. hereby moves the Court for an order dismissing the State Plaintiffs' Complaint. The grounds supporting this request are set forth more fully in the accompanying Memorandum in Support.

1.  This Court has twice held, and the Third Circuit has since confirmed, that a "product-hop" allegation is insufficient absent a showing that the market is foreclosed from competition. But the State Plaintiffs have not only failed to include the very allegations (regarding a purported "price disconnect") that this Court previously relied upon, they also have made affirmative allegations inconsistent with that theory of foreclosure. Instead, the States rely solely on the lack of substitution under certain states' laws to demonstrate foreclosure. The Third Circuit rejected such a theory as insufficient in *Mylan Pharmaceuticals Inc. v. Warner Chilcott Public Limited Co.*, 838 F.3d 421 (3d Cir. 2016) ("*Doryx*").

1

2. The States' "conspiracy" claims – that Indivior conspired with MonoSol to develop and market Film – should be dismissed because: (a) this claim likewise requires allegations showing market foreclosure (*see Doryx*, 838 F.3d at 441), (b) for purposes of antitrust law, Indivior and MonoSol are incapable of conspiring as a matter of law since MonoSol had no presence in the market independent of its status as a joint venture with Indivior, (*see Siegel Transfer, Inc. v. Carrier Exp., Inc.*, 54 F.3d 1125, 1135 (3d Cir. 1995)), and (c) as this Court already held, in the absence of coercive conduct, "[e]ven a monopolist may expand its market share and increase demand for its products through technological innovation …." ECF 97 at 14.

3. The States' "delay" claims – that Indivior acted to delay the approval and commercialization of generic products – should also be dismissed.

    a. This Court has already dismissed the allegations regarding attempts to develop a joint "SSRS" / "REMS" post-marketing safety plan, holding that such allegations fail to state a claim because Indivior had no duty to assist its competitors. ECF 97 at 26 (citing *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004) and *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438 (2009)).

    b. The States failed to allege facts showing that Indivior's Citizen Petition had any effect on the timing of when FDA approved the first generic alternatives to Suboxone Tablets. Although the Court previously found that similar allegations did state a viable claim, Indivior respectfully submits that the Court should revisit this conclusion in light of new appellate guidance, and its analysis of FDA procedures that are designed to prevent the delays alleged by plaintiffs here. *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016).

4. The States' "tag-along" claims, under their own laws, fail for the same reason as those above; the state laws at issue are construed in accord with the Sherman Act.

This Motion will be served on opposing counsel via electronic mail, with consent.

WHEREFORE, Indivior respectfully requests that the Court grant this motion and dismiss the State Plaintiffs' First Amended Complaint.

Dated:  December 12, 2016

Respectfully submitted,

 /s/ *Jonathan Berman*
Kevin D. McDonald
Jonathan Berman
Mark R. Lentz
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:  +1.202.879.3939
Facsimile:  +1.202.626.1700

*Counsel for Defendant*
*INDIVIOR INC.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | MDL No. 2445 |
| THIS DOCUMENT RELATES TO:, | Master File No. 2:13-MD-2445-MSG |
| *Wisconsin, et al v. Indivior Inc. et al.* | Case No. 2:16-cv-5073-MSG |
| STATE OF WISCONSIN<br>By Attorney General **Brad D. Schimel**, *et al.*,<br>Plaintiffs,<br>v.<br>**INDIVIOR INC. f/k/a RECKITT BENCKISER PHARMACEUTICALS, INC.;** *et al.*,<br>Defendants. | Civ. A. No. 2:16-cv-5073-MSG |

## CERTIFICATE OF SERVICE

I, Mark Lentz, do hereby certify that on this 12th day of December, 2016, I served a true and correct copy of the foregoing document upon all counsel of record via the Court's ECF system, and to lead counsel for plaintiffs via email.

    /s/ *Mark R. Lentz*
Mark R. Lentz
*Attorney for Defendant Indivior Inc.*