IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALAXONE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT APPLIES TO ALL ACTIONS | :<br>:<br>:   MDL NO. 2445<br>:   13-md-2445<br>:<br>:<br>: |

## ORDER

**AND NOW**, this 25th day of August, 2017, upon consideration of "Indivior Inc.'s Motion to Temporarily Defer Depositions of Witnesses Who Intend to Assert Their Fifth Amendment Rights" (Doc. No. 362), the responses and reply thereto and following a telephone conference, I find as follows:

1. Indivior, Inc. filed the instant motion seeking to "defer" the depositions of two former Indivior employees who have indicated, in light of a criminal investigation currently being conducted by the United States Department of Justice, that they will invoke their Fifth Amendment rights at any deposition conducted in the civil antitrust case pending before me. Indivior also seeks an order prohibiting any party in this case from noticing or subpoenaing for deposition any other witness who has stated a similar intent to invoke their Fifth Amendment rights. Plaintiff States, End Payor Plaintiffs and Direct Purchaser Plaintiffs oppose Indivior's motion. For the reasons that follow, Indivior's request will be granted in part and denied in part.

2. In support of its motion, Indivior represents that since 2013, the DOJ has been investigating Indivior and several of its employees and former employees in connection with "every aspect of the distribution and marketing of Suboxone."

1

Indivior also states that it is "in discussions with the DOJ about a possible resolution" but that it cannot provide the Court with a timeframe in which that resolution may occur. (Indivior's Mot. p. 4.)

3. According to Indivior, it received from Plaintiffs a list of 20 Indivior employees and former employees Plaintiffs intend to depose. According to Indivior, independent counsel retained by 10 of those individuals has stated that their clients intend to invoke their Fifth Amendment rights if compelled to testify in the proceedings before me. Despite this knowledge, Plaintiffs have subpoenaed two such witnesses – ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

4. Plaintiffs respond that the witnesses' blanket assertion of the Fifth Amendment is inappropriate and that Indivior seeks what amounts to an indefinite stay of depositions of crucial witnesses. Plaintiffs urge they will be unfairly prejudiced by Indivior's requests because the witnesses at issue likely possess information that will necessitate additional rounds of discovery from other sources.

5. To resolve this dispute, Plaintiff States suggest that I adopt the protocol the Court used in In re Vitamins Antitrust Litig., 2001 WL 34456773 (D.D.C. 2001). In that case, like the one before me, many of the current and former employees of the defendants that the plaintiffs sought to depose indicated that they intended to invoke their Fifth Amendment right against self-incrimination. In relevant part, the protocol the court crafted provided that, (1) after receiving a notice of deposition, any current or former employee of the defendants who intended to assert the Fifth Amendment would provide the plaintiffs' counsel an affidavit or declaration affirming that intent, or an analogous affidavit or declaration from his or her attorney; (2) the plaintiffs

would provide a list of written questions to each prospective witness; (3) at a deposition, the witness would be asked whether they would assert their Fifth Amendment rights in response to all of the questions on the list; (4) if the witness answered in the affirmative, the deposition was terminated; and (5) if the witness chose to answer any of the questions on the list, the deposition would proceed. Id. at *1-2. The court explained that the protocol was designed to insure "that Plaintiffs can obtain the discovery they request while reducing, to an extent, the burden to deponents and counsel." Id. at *1.

6. During a recent telephone call, counsel for Indivior and End Payor Plaintiffs stated that they had no objection to proceeding in accordance with the protocol used in In Re Vitamins Antitrust Litigation. I agree that this is a sensible approach.

7. The DOJ's broad investigation covers areas of inquiry that are clearly relevant to the antitrust cases before me and the threat of incrimination faced by the witnesses at issue is not speculative. However, Plaintiffs have articulated a legitimate need for the information they seek to obtain from the current and former employees they seek to depose. After considering the parties' arguments, I conclude that the general protocol used in In Re Vitamins Antitrust Litigation represents a reasonable resolution of the competing interests raised by the parties – it safeguards the witnesses' Fifth Amendment rights, represents an efficient use of the parties' resources and also sufficiently allows Plaintiffs to build a record that they state will support their future requests for an adverse inference.

8. Lastly, to the extent that the DOJ investigation resolves after the close of fact discovery, I will certainly entertain Plaintiffs' request to depose any witness, outside

of the fact discovery deadline, who previously invoked their Fifth Amendment privilege and, as a result, was not fully deposed.

**WHEREFORE**, it is hereby **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part as follows:

1. Any witness who is presently or formerly employed by Indivior and who intends to assert the Fifth Amendment shall provide Plaintiffs' counsel, no later than 14 business days after receiving a notice of deposition, an affidavit or declaration affirming that intent, or an affidavit or declaration from his or her attorney expressing that intent.

2. Plaintiffs shall provide a written list of no more than 40 questions to each of the prospective witnesses (from whom affidavits or declarations are received) no later than 11 business days before the date on which their deposition is noticed.

3. No later than 7 business days before the date on which their deposition is noticed, prospective witnesses shall provide an affidavit or declaration to Plaintiffs' counsel indicating whether they intend to invoke the Fifth Amendment in response to all questions contained on Plaintiffs' list.

4. If the prospective witness attests that they intend to invoke the Fifth Amendment in response to less than all of the questions on the list, the deposition shall proceed as noticed.

5. If the prospective witness attests that they intend to invoke the Fifth Amendment in response to all questions, the deposition shall not proceed.

BY THE COURT:

/s/ Mitchell S. Goldberg
_____
**MITCHELL S. GOLDBERG, J.**