**FEDERAL ANTITRUST LAW**

**Monopolization:** Section 2 of the Sherman Act (15 U.S.C. § 2) makes it unlawful to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations."

**STATE LAW**

    **1. CALIFORNIA**

**California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*):**

    **Antitrust Claim Liability:** California's UCL prohibits persons or entities from engaging in any unlawful, unfair, or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200.

    **Federal Harmonization:** Under the unlawful prong, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel- Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999) (citations and quotation marks omitted). Thus, a plaintiff may bring a claim under the UCL's unlawful prong by proving the defendant violated Section 2 of the Sherman Act; monopolization violations act as predicate violations for liability under the UCL. *See In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1378-79 (S.D. Fla. 2001) (permitting the plaintiffs to recast unilateral monopolization claims as UCL claims because "the Court can find no authority for the proposition that unilateral monopolization of the market for a prescription drug would not offend [the UCL's] provisions"); *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 283 (D. Mass. 2004) ("The end payor plaintiffs thus may assert that [defendant]'s unilateral conduct, even if permissible under the Cartwright Act, is actionable under the unfair competition statute.").

    **2. FLORIDA**

**Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. Ann. §§ 501.201, *et seq.*):**

    **Antitrust Claim Liability:** The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

    **Federal Harmonization:** Antitrust violations constitute violations of the FDUTPA. *Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 104 (Fla. Dist. App. 1996). Therefore, satisfying the elements of a claim under the Sherman Act or the Florida Antitrust Act (which mirrors the Sherman Act, but has been interpreted to disallow indirect purchaser standing) also satisfies the liability requirements of the FDUTPA.

### 3. IOWA

**Iowa Competition Law (Iowa Code §§ 553.1, *et seq.*):**

**Monopolization:** The Iowa Competition Law ("ICL") provides that "[a] person shall not attempt to establish or establish, maintain, or use a monopoly of trade or commerce in a relevant market for the purpose of excluding competition or of controlling, fixing, or maintaining prices." Iowa Code § 553.5.

**Federal Harmonization:** "This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction shall not be made in such a way as to constitute a delegation of state authority to the federal government, but shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices." Iowa Code § 553.2.

### 4. MICHIGAN

**Michigan Antitrust Reform Act (Mich. Comp. Laws §§ 445.771, *et seq.*):**

**Monopolization:** The Michigan Antitrust Reform Act ("MARA") provides that "[t]he establishment, maintenance, or use of a monopoly, or any attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding or limiting competition or controlling, fixing, or maintaining prices, is unlawful." Mich. Comp. Laws § 445.773.

**Federal Harmonization:** MARA is patterned after the Sherman Act and the same elements of liability apply. *See Partner & Partner, Inc. v. Exxonmobil Oil Corp*., 326 Fed. Appx. 892, 898-99 (6th Cir. 2009); *Goldman v. Loubella Extendables*, 91 Mich. App. 212, 219 (1979) ("The Michigan antitrust act is patterned after the Sherman Antitrust Act, 15 USC § 1 *et seq*., and Federal court interpretations of the Sherman Act are persuasive authority as to the meaning of the Michigan act." (citing *Barrows v Grand Rapids Real Estate Board*, 51 Mich. App. 75, 83 (1974))); *see also* Mich. Comp. Laws § 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes . . . .").

### 5. MINNESOTA

**Minnesota Antitrust Law (Minn. Stat. §§ 325D.49, *et seq.*):**

**Monopolization:** The Minnesota Antitrust Law ("MAL") prohibits "[t]he establishment, maintenance, or use of, or any attempt to establish, maintain, or use monopoly power over any part of trade or commerce by any person or persons for the purpose of affecting competition or controlling, fixing, or maintaining prices." Minn. Stat. § 325D.52.

**Federal Harmonization:** "Minnesota antitrust law is interpreted consistently with federal case law developed under the Sherman Act." *State v. Rd. Constructors*, 474 N.W.2d 224, 225 n.1 (Minn. App. 1991); *accord Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626 (Minn. 2007).

### 6. MISSISSIPPI

**Mississippi Antitrust Statute (Miss. Code Ann. §§ 75-21-1, *et seq.*):**

**Monopolization:** Mississippi's antitrust statute makes it unlawful for any person or entity to "monopolize or attempt to monopolize the production, control or sale of any commodity, or the prosecution, management or control of any kind, class or description of business." Miss. Code Ann. § 75-21-3.

**Federal Harmonization:** The Mississippi Supreme Court has relied on federal law to interpret Mississippi's antitrust statute. *See NAACP v. Claiborne Hardware Co.*, 393 So.2d 1290, 1301 (Miss. 1980) ("Appellees likewise, in part, rely upon our restraint of trade statute, section 75-21-1, *et seq.*, and argue that the activity complained of operated to restrain their trade and their right to trade. The United States Supreme Court has seen fit to hold boycotts to achieve political ends are not a violation of the Sherman Act, 15 U.S.C. § 1 (1970), after which our statute is patterned. We, in turn, have been influenced by the decisions of that Court in interpreting and applying it.), *rev'd on other grounds*, 458 U.S. 886 (1982); *see also Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070-71 & n.5 (5th Cir. 1984) ("The parties and the district court have treated the state and federal antitrust claims as analytically identical. We follow suit.").

### 7. NEVADA

**Nevada Unfair Practices Act (Nev. Rev. Stat. §§ 598A.010, *et seq.*):**

**Monopolization:** The Nevada Unfair Practices Act ("NUPA") prohibits the "[m]onopolization of trade or commerce in this state, including, without limitation, attempting to monopolize or otherwise combining or conspiring to monopolize trade or commerce in this state." Nev. Rev. Stat. Ann. § 598A.060(1)(e).

**Federal Harmonization:** NUPA contains an express federal harmonization provision. *See* Nev. Rev. Stat. Ann. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes.").

### 8. NEW YORK

**New York Deceptive Trade Practices Act (N.Y. Gen. Bus. Law §§ 349, *et seq.*):**

**Monopolization:** The New York Deceptive Trade Practices Act declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. N.Y. Gen. Bus. Law § 349(a). *See also Cox v. Microsoft Corp.*, 778 N.Y.S.2d 147, 148 (N.Y. App. Div. 2004) (noting that claims under N.Y. Gen. Bus. Law § 349 may be predicated on allegations of antitrust violations); *New York v. Feldman*, 210 F. Supp. 2d 294, 302 (S.D.N.Y. 2002) (same).

**Federal Harmonization:** "In any such action it shall be a complete defense that the act or practice is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States as such rules, regulations or statutes are interpreted by the

federal trade commission or such department, division, commission or agency or the federal courts." N.Y. Gen. Bus. Law. § 349(d).

### 9. WISCONSIN

**Wisconsin Antitrust Act (Wis. Stat. §§ 133.01, *et seq.*):**

**Monopolization:** The Wisconsin Antitrust Act ("WAA") provides that "[e]very person who monopolizes, or attempts to monopolize, or combines or conspires with any other person or persons to monopolize any part of trade or commerce is guilty of a Class H felony." Wis. Stat. § 133.03(2).

**Federal Harmonization:** The Wisconsin Supreme Court has noted that "[c]omparison of the language and structure of the Sherman Act and Wisconsin's antitrust act reveals many similarities. The pivotal language in the first two sections is nearly identical." *Olstad v. Microsoft Corp.*, 700 N.W.2d 139, 150 (Wis. 2005); *see also Grams v. Boss*, 294 N.W.2d 473, 480 (Wis. 1980) (noting that the statute was also "intended as a reenactment of the first two sections of the federal Sherman Antitrust Act"). WAA is to be "interpreted in a manner which gives the most liberal construction to achieve the aim of competition." Wis. Stat. § 133.01.