# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALAXONE) ANTITRUST LITIGATION | : <br> : <br> : MDL NO. 2445 <br> : 13-md-2445 |
| THIS DOCUMENT APPLIES TO ALL ACTIONS | : <br> : <br> : |

## ORDER

**AND NOW**, this 26th day of September, 2019, upon consideration of **(1)** the Direct Purchaser Plaintiffs' Motion for Class Certification (Doc. No. 473), Defendant Indivior, Inc.'s Opposition (Doc. No. 489), the Direct Purchaser Plaintiffs' Reply Brief (Doc. No. 503), Defendant Indivior's Sur-reply (Doc. No. 512), and the Direct Purchaser Plaintiffs' Notice of Supplemental Authority (Doc. No. 577); **(2)** the End-Payor Plaintiffs' Motion for Class Certification (Doc. No. 472), Defendant Indivior, Inc.'s Opposition (Doc. 487), the End-Payor Plaintiffs' Reply Brief (501), Defendant Indivior, Inc.'s Sur-reply (Doc. No. 510), and the End-Payor Plaintiffs' Notice of Supplemental Authority (Doc. No. 581); and **(3)** Defendant Indivior's Inc.'s Motion to Exclude the Opinions of Dr. Russell Lamb (Doc. No. 486), the Direct Purchaser Plaintiffs' Response (Doc. No. 504), and Defendant Indivior, Inc.'s Reply (Doc. No. 511), and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

1. The Direct Purchaser Plaintiffs' Motion for Class Certification (Doc. No. 473) is **GRANTED** and:

    a. Pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), the Direct Purchaser Plaintiff Class ("DPP Class") is defined as follows:

> All persons or entities in the United States and its territories who purchased branded Suboxone tablets directly from Reckitt[1] at any

---

[1] "Reckitt" is Indivior, Inc. (f/k/a/ Reckitt Benckiser Pharmaceuticals, Inc.).

time during the period January 1, 2012 through March 14, 2013 (the "DPP Class"). Excluded from the Class are Reckitt, its officers, directors, management, employees subsidiaries, and affiliates, and all federal governmental entities.

  b. Co-lead Counsel Faruqi & Faruqi LLP, Garwin Gerstein & Fisher LLP, and Hagens Berman Sobol Shapiro LLP have prosecuted this litigation effectively to date. Having considered the factors enumerated in Federal Rule of Civil Procedure 23(g)(1)(A), and pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), I find that they will fairly and adequately represent the interests of the Class, and I confirm their appointments as Lead Counsel for the Class. Lead Counsel are directed to ensure that any remaining work in this litigation that is performed by counsel for the Direct Purchaser Class Plaintiffs is performed efficiently and without duplication of effort.

2. Defendant Indivior, Inc.'s Motion to Exclude the Opinions of Dr. Russell Lamb (Doc. No. 486) is **DENIED**.

3. The End-Purchaser Plaintiffs' Motion for Class Certification (Doc. No. 472) is **GRANTED IN PART** and **DENIED IN PART** as follows:

  a. The Motion to Certify a Nationwide Injunctive Class pursuant to Federal Rule of Civil Procedure 23(b)(2) is **DENIED**;

  b. The Motion to Certify a State Antitrust/Consumer Protection Class is **GRANTED**, pursuant to Federal Rule of Civil Procedure 23(c)(1)(B) and (c)(4), and the End-Payor Plaintiffs' Issues Class ("EPP Issues Class") is **DEFINED** as:

> All persons or entities who purchased and/or paid for some or all of the purchase price for Co-Formulated Buprenorphine/Naloxone ("Suboxone") in California, Florida, Iowa, Michigan, Minnesota, Mississippi, Nevada, New York, Pennsylvania, Virginia, and Wisconsin in any form for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries at any time during the period January 1, 2012 through the date of class certification.

**On the following issues:**

(i) Whether Defendant engaged in anticompetitive and deceptive conduct;
(ii) Whether Defendant willfully maintained monopoly power through such conduct;
(iii) Whether Defendant had a specific intent to monopolize;
(iv) Whether Defendant had a dangerous probability of achieving monopoly power;
(v) Whether Defendant has offered a non-pretextual procompetitive justification that could not have been obtained through less restrictive means, and if so;
(vi) Whether the anticompetitive effects of Defendant's conduct outweigh their proffered procompetitive benefits, if any.

**The following groups are excluded from the Class**:

(i) Pharmacy benefit managers;
(ii) Defendant and their officers, directors, management, employees, subsidiaries, or affiliates;
(iii) All governmental entities, except for government funded employee benefit plans;
(iv) All persons or entities who purchased Suboxone for purposes of resale or directly from Defendant or its affiliates;
(v) The judges in this case and any members of their immediate families.

c. Wexler Wallace LLP, Hilliard Shadowen LLC, Motley Rice LLC, and Miller Law LLC as Co-Lead counsel, and Jeffrey Kodroff of Spector Roseman & Kodroff P.C. as Liaison Counsel have prosecuted this litigation effectively to date. Having considered the factors enumerated in Federal Rule of Civil Procedure 23(g)(1)(A), and pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), I find that they will fairly and adequately represent the interests of the Class, and I confirm their respective appointments as counsel for the Class. Lead Counsel are directed to ensure that any remaining work in this litigation that is performed by counsel for the End Payor Class Plaintiffs is performed efficiently and without duplication of effort.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG,      J.**