IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | MDL NO. 2445<br>13-MD-2445 |
| THIS DOCUMENT RELATES TO:, | |
| *Wisconsin, et al. v. Indivior Inc. et al.*<br>Case No. 16-cv-5073 | |
| **STATE OF WISCONSIN**<br>By Attorney General Brad D. Schimel, *et al.* | CIV. A. NO. 16-5073 |
| Plaintiffs,<br>v. | |
| **INDIVIOR INC. f/k/a RECKITT BENCKISER PHARMACEUTICALS, INC., et al.** | |
| Defendants. | |

**ORDER**

**AND NOW**, this 20th day of January 2021, upon consideration of **(1)** the Direct Purchaser Class Plaintiffs' Memorandum in Support of Motion to Approve the Form and Manner of Notice to the Direct Purchaser Class (No. 13-md-2445, Doc. No. 641), Defendant's Response (No. 13-md-2445, Doc. No. 646), and the Direct Purchaser Class Plaintiffs' Reply (No. 13-md-2445, Doc. No. 650); and **(2)** Defendant's Motion to Disqualify Rochester Drug Co-operative, Inc. (No. 13-md-244, Doc. No. 645), the Direct Purchaser Class Plaintiffs' Response (Doc. No. 651), Defendant's Reply (No. 13-md-2445, Doc. No. 654), and Direct Purchaser Class Plaintiffs' Sur-Reply No. 13-md-2445, Doc. No. 663), it is hereby **ORDERED** that:

1. Defendant's Motion to Disqualify Rochester Drug Co-Operative, Inc. as a class representative for the Direct Purchaser Class (Doc. No. 645) is **DENIED**.

2. The Direct Purchaser Plaintiffs' Motion to Approve the Form and Manner of Notice to the Direct Purchaser Class (Doc. No. 641) is **GRANTED** as follows:

a. The Court appoints RG/2 Claims Administration LLC ("RG/2") to serve as notice administrator for the Direct Purchaser Class and to assist Class Counsel in disseminating the Notice (the "Notice Administrator"). All expenses incurred by the Notice Administrator must be reasonable and are subject to Court approval.

b. The proposed notice program (individual mail by first-class mail) and form of notice constitute the best notice to members of the Direct Purchaser Class that is practicable under the circumstances, comply in all respects with the requirements of Fed. R. Civ. P. 23(c)(2), and are in the interest of judicial economy and in the interest of justice;

c. The proposed form of Notice to Class Members of the pendency of this Class Action (attached as Exhibit 1 to Direct Purchaser Class Plaintiffs' Notice Motion) satisfies the requirements of Rule 23(c)(2) and due process, is otherwise fair and reasonable, and therefore is approved.

d. Lead Counsel for the Class shall cause the Notice substantially in the form attached as Exhibit 1 to Direct Purchaser Class Plaintiffs' Notice Motion to be disseminated by the Notice Administrator by **February 22, 2021** via first-class mail to the last known address of each Direct Purchaser Class member. Direct Purchaser Class Plaintiffs will work with the Notice Administrator to verify the addresses used for this mailing, and, if any of the Notices are returned as undeliverable, the Notice Administrator will make any necessary follow-up efforts to send Notice to the Class members.

e. Members of the Direct Purchaser Class may request exclusion from the Direct Purchaser Class in writing postmarked no later than **April 9, 2021**. Lead Counsel for the Class or their designee shall monitor and record any and all opt-out requests that are received.

f. No later than sixty-five (65) days after the date the Notice is mailed, the Notice Administrator shall file a declaration confirming that notice has been provided to all Direct

Purchaser Class members as required herein and identifying the Direct Purchaser Class members, if any, who have requested to be excluded from the Direct Purchaser Class.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**