**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br><br>*End Payor Plaintiff Actions* | MDL NO. 2445<br><br>Master File No. 2:13-MD-2445-MSG |

**ORDER GRANTING END-PAYOR PLAINTIFFS'**
**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF**
**END PAYOR SETTLEMENT AND FOR OTHER RELIEF**

Upon review and consideration of the Class Action Settlement between End-Payor Plaintiffs ("Plaintiffs") and Defendant Indivior f/k/a Reckitt Benckiser Pharmaceuticals, Inc. ("Defendant"), End-Payor Plaintiffs' Motion for Preliminary Approval of End Payor Settlement and For Other Relief, memorandum of law and related papers in support thereof, and the supporting declaration of Kenneth A. Wexler and exhibits thereto, **IT IS HEREBY ORDERED** that said motion is **GRANTED** as follows:

**Jurisdiction**

1. This Court has subject matter jurisdiction over this Action and has personal jurisdiction over each of the Parties.

**Preliminary Certification of the Settlement Class**

The Court makes the following determinations as required by Federal Rule of Civil Procedure ("Rule") 23 solely in connection with the proposed Settlement:

2. Pursuant to Rule 23 (c)(1)(B), the End Payor Class is defined as follows:

> All persons or entities who purchased and/or paid for some or all of the purchase price for Co-Formulated Buprenorphine/Naloxone (Suboxone and/or its AB-rated generic equivalent) in any form, for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds in Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming and District of Columbia between December 22, 2011 and the date on which the Court enters the Plaintiffs' proposed Preliminary Approval Order (the "Class Period").

The following persons or entities are excluded from the End Payor Class: (i) Pharmacy benefit managers; (ii) Defendant and its officers, directors, management, employees, subsidiaries, or affiliates; (iii) all governmental entities, except for government funded employee benefit plans; (iv) all persons or entities who purchased Suboxone or its AB-rated generic equivalents in any form for purposes of resale or directly from Defendant or its affiliates; and (v) the judges in this case and any members of their immediate families.

3.   Pursuant to Rule 23 (a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.  Many thousands of prescriptions for Suboxone have been filled for thousands of End Payor Class members who are geographically dispersed across 48 states and two territories.  This is sufficient to establish numerosity and to establish the impracticality of joinder requirement of Rule 23 (a)(1).

4.   Pursuant to Rule 23 (c)(1)(B), the Court determines that the End Payor Class presents the following common, class-wide questions regarding:

>    (a)  Whether Defendant's anticompetitive scheme suppressed generic
>
>         competition for Suboxone;

2

(b) Whether Defendant had the ability to control prices and exclude competition;

(c) Whether Defendant's deceptive introduction of Suboxone film and destruction of the prescription base for Suboxone tablets was predatory and anticompetitive;

(d) Whether Defendant fabricated a safety issue regarding Suboxone tablets for the sheer purpose of impairing generic competition;

(e) Whether Defendant's sabotage of the development process for a shared REMS was anticompetitive;

(f) Whether a reasonable petitioner would have expected the arguments made in Defendant's Citizen's Petition to succeed;

(g) Whether Defendant submitted the Citizen's Petition for the purpose of interfering with competition;

(h) The amount of damages, if any, owed to the End Payor Class; and

(i) Whether Defendant was unjustly enriched by the scheme.

5.   The Court determines that the foregoing class-wide issues relating to the claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2).

6.   A.F. of L. – A.C.G. Building Trades Welfare Plan, Construction & General Laborers' Local 190 Welfare Fund, I.B.E.W. 292 Health Care Plan, Michigan Regional Council of Carpenters Employee Benefits Fund, Painters District Council No. 30 Health and Welfare Fund, Teamsters Health Services and Insurance Plan Local 404, and United Food & Commercial

Workers Health and Welfare Fund of Northeastern Pennsylvania are hereby appointed as representatives of the End Payor Class for the following reasons:

(a) The End Payor Plaintiffs allege, on behalf of the End Payor Class, the same manner of injury from the same course of conduct of which they complain themselves, and assert on their own behalf the same legal theories they assert for the End Payor Class as a whole.  The Court therefore determines that, for purposes of the End Payor Class, the End Payor Plaintiffs' claims are typical of the claims of the proposed End Payor Class within the meaning of Rule 23 (a)(3); and

(b) Pursuant to Rule 23(a)(4), the Court determines that the End Payor Plaintiffs have and will continue to fairly and adequately protect the interests of the End Payor Class. The End Payor Plaintiffs' interests do not conflict with the interests of absent members of the End Payor Class. All the members of the End Payor Class share a common interest in proving Defendant's alleged anticompetitive conduct, and all End Payor Class members share a common interest in recovering damages from Defendant.  Moreover, the End Payor Class is made up of business entities, and individual consumers and any member of the End Payor Class that wishes to opt out will be given an opportunity to do so.  Furthermore, the End Payor Plaintiffs and their Counsel are well qualified to represent the End Payor Class in this case, given their experience in prior cases, and the vigor with which they have prosecuted this action thus far.

7. Pursuant to Rule 23 (b)(3), the Court determines that, in connection with and solely

for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members of the End Payor Class.  The issues in this action are subject to generalized proof, and thus applicable to the End Payor Class as a whole, and predominate over those issues that are subject only to individualized proof.  *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410 (3d Cir. 2016); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 304, n. 29 (3d Cir. 2011) (*en banc*).

8.   Also pursuant to Rule 23 (b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action.  The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the End Payor Class in a single action.  The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

9.   Pursuant to Rules 23 (c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), appoints Interim Co-Lead Counsel, Hilliard & Shadowen LLC, Wexler Boley & Elgersma LLP, Motley Rice LLC, and Miller Law LLC as Co-Lead Counsel for the End Payor Class.

## Preliminary Approval of the Proposed Settlement

10. When deciding preliminary approval, Rule 23(e) directs the court to consider whether the proposed settlement will ultimately achieve approval taking into account the adequacy of representation, whether the settlement was negotiated at arm's length, whether the relief is adequate and appropriate in the circumstances, and whether the provisions for claims processing, distribution of settlement proceeds and terms of proposed awards of attorney's fees are fair and equitable to members of the class.  Fed. R. Civ. P. 23(e)(1) and (2).  Thus, a court

determines whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." *In re Nat'l Football League Players' Concussion Injury Litig.*, 301 F.R.D. 191, 197–98 (E.D. Pa. 2014). "In making this preliminary determination, the Court's 'first and primary concern is whether there are any obvious deficiencies that would cast doubt on the proposed settlement's fairness.'" *Silvis v. Ambit Energy, L.P.,* No. 14-5005, 2018 WL 1010812, at \*2-3 (E.D. Pa. Feb. 22, 2018) (*quoting In re Nat'l Football League*, 301 F.R.D. at 198). Additionally, the Court must "consider whether the settlement negotiations occurred at arm's length, whether there was significant investigation of Plaintiffs' claims, and whether the proposed settlement provides preferential treatment to certain class members." *Id.* A settlement falls within the "range of possible approval" under Rule 23 if there is a conceivable basis for presuming that the fair, adequate and reasonable standard applied for final approval will be satisfied. *Mehling v. New York Life Ins.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007). The Court finds that proposed Settlement falls within the range of likely approval and, therefore, satisfies the standard for preliminary approval.

11. The Court finds that the proposed Settlement - which includes a cash payment totaling $30 million to be paid by Defendant in exchange for, *inter alia*, dismissal of the litigation between the End Payor Plaintiffs and Defendant with prejudice and the release of certain claims filed or that could have been filed against Defendant by End Payor Plaintiffs and the End Payor Class as set forth in the Settlement Agreement, a Settlement that was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of likely approvable settlements, and is hereby preliminarily approved, subject to further

consideration at the Fairness Hearing provided for below.

## Approval of the Plan of Notice to the Class

12. The proposed form and manner of notice to members of the Settlement Class set forth in the Proposed Notice Plan, along with the proposed methods of dissemination of notice described in said Notice Plan, satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore, are approved. Class Counsel shall cause notice via first-class mail to those members of the Class who can be identified with reasonable effort, and by publication in print media and digital media placements, as set forth in the Notice Plan. (Wexler Decl., Exhibit G)

13. The Court appoints A.B. Data, Ltd. to serve as Settlement Administrator and to assist Class Counsel in disseminating the Notice.  All expenses incurred by the Settlement Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Class Settlement Fund.

14. The Settlement Administrator shall provide copies of all Requests for Exclusion to Class Counsel and Counsel for Defendant as those are received and Class Counsel shall file those Requests for Exclusion in connection with its Motion for Final Approval.

15. The Court appoints Valley National Bank in Chicago as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund.  Except as the parties have agreed in the Escrow Agreement, all expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

16. The Court preliminarily approves the proposed End-Payors' Plan of Allocation as reasonable.

17. Defendant, with the assistance of the Settlement Administrator, shall comply with the obligation to give notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1711 *et seq*.

18. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at 1:30 p.m. Eastern Time on October 19, 2023, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne Courthouse, 601 Market Street, Philadelphia, P.A. 19106. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness, and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed Plan of Allocation of the Settlement Fund among members of the End Payor Class; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether incentive awards should be awarded to the End Payor Plaintiffs; and (e) whether entry of a Final Order and Judgment terminating the litigation between End Payor Plaintiffs and Defendant should be entered. The Fairness Hearing may be rescheduled or continued; in that event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the End Payor Class by posting a conspicuous notice on the following website of the Settlement Administrator:

www.SuboxAntitrust.com.

19. End Payor Class members who wish to be excluded from the End Payor Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website.  Any such Request for Exclusion must be received by the Settlement Administrator no more than 45 days after the Settlement Administer implements the Notice Plan. To be valid, the Request for Exclusion must: (a) identify the case name and number; (b) identify the name, address and telephone number of

the End Payor Class member to be excluded; (c) be personally signed by the End Payor Class

Member requesting exclusion; (d) contain a statement that indicates a desire to be excluded from

the End Payor Class; and (e) data sufficient to prove End Payor Class membership. End Payor

Class members shall not be permitted to exclude other End Payor Class members.  Moreover,

group or class-wide exclusions shall not be permitted.

20. All briefs and materials in support of the application for an award of attorneys'

fees and reimbursement of expenses, and incentive awards for the Named Plaintiffs, shall be

filed with the Court no later than 14 days after the date of this Order.

21. All briefs and materials in support of the final approval of the Settlement and the

entry of Final Order and Judgment proposed by the parties to the Settlement Agreement shall be

filed with the Court no later than 14 days after the date of this Order.

22. End Payor Class members who wish to (a) object with respect to the proposed Settlement

and/or (b) wish to appear in person at the Fairness Hearing, must first file an Objection and, if

intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining

the position(s) to be asserted and the grounds therefor together with copies of any supporting

papers or briefs.  End Payor Class members who are objecting must also send a copy of their

Objection via first class mail, postage prepaid, to the following counsel:

Steve Shadowen
**HILLIARD SHADOWEN LLP**
1135 W. 6th Street, Suite 125
Austin, TX 78703
steve@hilliardshadowenlaw.com

Kenneth A. Wexler
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Dr. Suite 5450
Chicago, IL 60606
(312) 346-2222
kaw@wexlerwallace.com

Michael Buchman
**MOTLEY RICE LLC**
777 Third Avenue, 27th Floor
New York, NY 10017

Marvin A. Miller
**MILLER LAW LLC**
145 South Wells Street, Suite 1800
Chicago, IL 60606

mbuchman@motleyrice.com                         (312) 332-3400
                                                mmiller@millerlawllc.com

 To be valid, any such Objection and/or Notice of Intention to Appear and Summary

statement must be filed with the Court, and must be received by counsel above, no later than 45

days after the date of this Order.  Except as herein provided, no person or entity shall be entitled

to contest the terms of the proposed Settlement.  All persons and entities who fail to file an

Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided

above shall be deemed to have waived any such objections by appeal, collateral attack or

otherwise and will not be heard at the Fairness Hearing.

        Objections must include the following information: (i) the case name and number; (ii) the

objector's name, address, telephone number and an explanation of the objection; and (iii)

documentation demonstrating that the person is a member of the End Payor Class and/or the

following statement, followed by the person's signature: "I declare under penalty of perjury

under the laws of the United States of America that [insert your name] is a member of the End

Payor Class."

    23. Completed claim forms must be received by the Settlement Administrator within

180 days after the date of this Order, along with any documentation required by the Settlement

Administrator to process the claim form.

    24. Supplemental filings by counsel in support of the Settlement Agreement shall be

filed no later than 5 days before the Final Approval Hearing.

    25. All proceedings in the action between the End Payor Plaintiffs and Defendant are hereby

stayed until such time as the Court renders a final decision regarding the approval of the

Settlement and, if the Court approves the Settlement, enters Final Order and Judgment and

dismisses such actions with prejudice.

26. Neither this Order, nor the Settlement Agreement, nor any other document related to the Settlement, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other document related to the Settlement, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendant regarding the validity of any claim that has been or could have been asserted by End Payor Plaintiffs against Defendant, or regarding any liability by Defendant concerning any matter set forth in this Order, or regarding whether the class, in this case or others, may be certified for purposes of litigation and trial.

**Dated:**   August 21, 2023                                  **SO ORDERED**

                                                            */s/ Mitchell S. Goldberg*

                                                            Honorable Mitchell S. Goldberg
                                                            United States District Judge