THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*End Payor Actions* | MDL NO. 2445<br><br>Master File No. 2:13-MD-2445-MSG |

**[PROPOSED] ORDER GRANTING END PAYOR PLAINTIFFS' MOTION FOR (1) AWARD OF ATTORNEYS' FEES, (2) REIMBURSEMENT OF LITIGATION EXPENSES, AND (3) PAYMENT OF SERVICE AWARDS TO THE CLASS REPRESENTATIVES**

On October 19, 2023, this Court held a hearing on End Payor Plaintiffs' Motion for (1) Award of Attorneys' Fees, (2) Reimbursement of Litigation Expenses, and (3) Payment of Service Awards to the Class Representatives ("Fee and Expense Motion"). (Dkt. No.944).

The Court, having reviewed the Fee and Expense Motion and supporting materials, and having heard the arguments of Co-Lead Counsel, hereby finds that the Fee and Expense Motion should be **GRANTED** [in whole or in part, or denied], with attorneys' fees, expenses, and service awards to be distributed in the amounts as set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Pursuant to Fed. R. Civ. P. 23(h), End-Payor Plaintiffs have moved for an award of attorneys' fees to Co-Lead Counsel in the amount of one-third of the $30,000,000 Settlement Fund ($10,000,000) (plus interest accruing in the Escrow Account) under the common fund doctrine. The Fee and Expense Motion further seeks the reimbursement of expenses in excess of $2.5 million and the award $15,000 to each class representative for the services they rendered to the End Payor Class. The Fee and Expense Motion was filed of record on September 5, 2023. Dkt. No. 944.

2. The Court has assessed the request for attorneys' fees by considering the factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F. 3d 190, 195 n. 1 (3d Cir. 2000). The Court now makes the following findings:

   a. <u>The size of the fund and number of persons benefitted.</u> Co-Lead Counsel litigated on behalf of the End Payor Class for more than 10 years, all on a contingent basis, with the risk of non-payment throughout. They represented a litigation class that was certified on a limited issue, and that issue did not include the recovery of damages from which Co-Lead Counsel could seek payment. Yet they vigorously persisted on behalf of the 11-State Class, defeating summary judgment and *Daubert* motions and preparing for trial. The risks to Defendant posed by Co-Lead Counsel's zealous representation contributed to the achievement of a $30,000,000 Settlement Fund beyond the 11-State Class and extending to purchasers in 48 states plus 2 territories. The size of the fund and the number of people who will benefit from it weighs in favor of granting the Fee and Expense Motion.

   b. <u>The presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel</u>. There have been no objections to either the Settlement Agreement or the fees requested. This factor weighs heavily in favor of granting the Fee and Expense Motion.

   c. <u>The Skill and Efficiency of the Attorneys Involved</u>. Co-Lead and Liaison Counsel are experienced litigators of pharmaceutical antitrust cases. Defendant was represented by experienced attorneys from Jones Day and Hogan Lovells, two nationally prominent law firms. Co-Lead Counsel's achievement of the Settlement

  in the face of such formidable opposition favors granting the Fee and Expense Motion.

d. <u>The complexity and duration of the litigation; the risk of nonpayment; and the amount of time devoted to the case by End Payor Plaintiffs' counsel.</u> This case has complex and novel issues and involved extensive discovery and hard-fought motion practice. Co-Lead and Liaison Counsel, along with their colleagues, spent over 26,000 hours for over 10 years on a wholly contingent basis and faced a serious risk of non-payment. These factors strongly weigh in favor of granting the Fee and Expense Motion.

e. <u>Awards in similar cases.</u> A request for one-third of a settlement fund is in the range of reasonable fees in the Third Circuit, and courts in this District have approved such awards in similar cases. *See e.g., Vista Healthplan, Inc. v. Cephalon, Inc.*, No.06-cv-1833, 2020 WL 1922902, *30 (E.D. Pa. Apr. 21, 2020). This factor supports granting the Fee and Expense Motion.

f. <u>Benefits attributable to others, including government agencies.</u> Co-Lead Counsel did not benefit from anyone's efforts but their own. Government cases were not filed until some 5 years after filing of the End Payor complaint. If anything, the government settlements adversely affected the financial status of Defendant and increased the risk that the End Payor Class would recover nothing. This factor, too, favors granting the Fee and Expense Motion.

g. <u>The percentage fee that would have been negotiated had the case been subject to a private fee agreement.</u> The fee requested by Co-Lead Counsel is the same or less

than what is routinely negotiated in the private marketplace. Thus, this factor favors granting the Fee and Expense Motion.

      h. <u>Innovative terms of settlements.</u> While a $30,000,000 Settlement Fund may not be innovative, Co-Lead counsel's Allocation Plan reflects a unique understanding of the varying interests of End Payor Class Members. The lack of objections to the Allocation Plan is evidence that Co-Lead Counsel got it right. This factor favors granting the Fee and Expense Motion.

3. At the hearing on the Fee and Expense Motion, Co-Lead counsel reported updated totals for attorneys' fees incurred, including those relating to final approval of the Settlement Agreement. Co-Lead Counsel reported that, all in, counsel spent _____ hours working on behalf of the End Payor Class, representing $_____ in attorneys' fees. In addition, counsel had $_____ in out-of-pocket expenses, including the cost of notice and settlement administration thus far.

4. A lodestar cross-check utilizing these figures shows that, if awarded the fees they have requested, counsel for the End Payor Class will be recovering a negative multiplier for the time expended on the Action. A fee award of one-third of the Settlement Fund would provide counsel with ___% of the reported fees actually incurred.

5. The Court finds that the expenses reflected in the submission of Co-Lead were reasonably incurred and of the type routinely billed by attorneys to their clients in similar cases, such as for experts, depositions, and document hosting. Reimbursement of the _____ paid out-of-pocket over a ten-year period thus warrants reimbursement.

6. The class representatives – End Payor Plaintiffs – were active participants in the Action, producing documents, providing data to experts, consulting with counsel, and sitting for

4

depositions. The requested award of $15,000 to each End Payor Plaintiff is warranted for their efforts on behalf of the End Payor Class and the amount requested is reasonable.

7. The Court has found that the notice disseminated to the End Payor Class was the best notice practicable under the circumstances and complied with Fed. R. Civ. P. 23(c)(2)(B), Rule 23(e)(1), and due process. That notice advised members of the End Payor Class that Co-lead Counsel would be seeking an award of attorneys' fees in the amount of one third (1/3) from the Settlement Fund (plus a proportionate share of the interest on any portion of the funds deposited in escrow pursuant to Court Order), reimbursement of litigation expenses incurred in the case, and service awards in the sum of $15,000 for each of the named End Payor Plaintiffs.

8. Co-Lead Counsel filed the Fee and Expense Motion on September 5, 2023, one month before the deadline for objections to the Settlement and the request for fees, expenses, and service awards. No objections have been received by the Settlement Administrator.

9. The Court hereby grants the Fee and Expense Motion and directs the following to be paid from the Settlement Fund as directed by Co-Lead Counsel when and as permitted by the Settlement:

> a. Attorneys' fees of $10,000,000, representing one-third of the Settlement Fund, plus $ _____, representing one-third of the interest earned on the Settlement Fund as of _____, 2023.
> 
> b. Reimbursement of expenses in the amount of $_____.
> 
> c. $105,000, from which $15,000 will be distributed to each of the End Payor Plaintiffs.

**BY THE COURT:**

_____
Honorable Mitchell S. Goldberg
United States District Court Judge