# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE SUBOXONE (BUPRENORPHINE HYDROCHLORIDE AND NALOXONE) ANTITRUST LITIGATION | : MDL NO. 2445<br>: 13-MD-2445<br>: |
| THIS DOCUMENT RELATES TO: | : |
| *End Payor Actions* | : |

## ORDER

On October 19, 2023, this Court held a hearing on the Unopposed Motion For Final Approval of End Payor Settlement and for Related Relief (the "Final Approval Motion") brought by A.F. of L. – A.C.G. Building Trades Welfare Plan, Construction & General Laborers' Local 190 Welfare Fund, I.B.E.W. 292 Health Care Plan, Michigan Regional Council of Carpenters Employee Benefits Fund, Painters District Council No. 30 Health and Welfare Fund, Teamsters Health Services and Insurance Plan Local 404, and United Food & Commercial Workers Health and Welfare Fund of Northeastern Pennsylvania (collectively, "End Payor Plaintiffs").

The Court, having reviewed the Final Approval Motion and supporting materials (Doc. No. 976), the Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Payment of Service Awards to the Class Representations (Doc. No. 944), and the Amended Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Payment of Service Awards (Doc. No. 989), and having heard the arguments of counsel for the parties, hereby finds that the Final Approval Motion, the Motion for Attorneys' Fees, and the Amended Motion for Attorneys' Fees should be **GRANTED** and the Settlement Agreement between End Payor Plaintiffs and Indivior, Inc., f/k/a Reckitt Benckiser Pharmaceuticals, Inc. ("Defendant" or "Indivior") should be finally approved pursuant to Federal Rule of Civil Procedure 23(e).

**AND NOW,** this 4th day of December, 2023, it is hereby **ORDERED** that;

1. This Court has subject matter jurisdiction over this matter (the "Action") and has personal jurisdiction over each of the Parties.

2. For purposes of this Order, except as otherwise stated, the Court adopts and incorporates the definitions contained in the Settlement Agreement. Nothing in this Order is intended to modify the terms of the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23(a), (b)(3), and (e)(ii), the Court certifies the following End Payor Class for settlement purposes:

> All persons or entities who purchased and/or paid for some or all of the purchase price for Co-Formulated Buprenorphine/Naloxone (Suboxone and/or its AB-rated generic equivalent) in any form, for consumption by themselves, their families or their members, employees, plan participants, beneficiaries or insureds in Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming and District of Columbia between December 22, 2011 and the date on which the Court enters the Plaintiffs' proposed Preliminary Approval Order (the "Class Period").

The following persons or entities are excluded from the End Payor Class: (i) Pharmacy benefit managers; (ii) Defendant and its officers, directors, management, employees, subsidiaries, or affiliates; (iii) all governmental entities, except for government funded employee benefit plans; (iv) all persons or entities who purchased Suboxone or its AB-rated generic equivalents in any form for purposes of resale or directly from Defendant or its affiliates; and (v) the judges in this case and any members of their immediate families.

4.       The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) are met in that (i) the End Payor Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact in the Action that are common to the End Payor Class; (iii) the claims and defenses of the End Payor Plaintiffs are typical of the claims and defenses of the End Payor Class; and (iv.) the End Payor Plaintiffs, as representative parties, will fairly and adequately represent the End Payor Class and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the End Payor Class.

5.       The Court further finds that, pursuant to Fed. R. Civ. P. 23(b)(3), common questions of law and fact predominate over questions affecting only individual members of the End Payor Class and that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

6.       Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the Court gives final approval to the appointment of Wexler Boley & Elgersma LLP, Miller Law, LLC, Motley Rice LLC, and Hilliard Shadowen LLP as Co-Lead Counsel for the End Payor Class, and Spector Roseman & Kodroff PC as Liaison Counsel for the End Payor Class.

7.       The Court hereby grants final approval to the Settlement Agreement and the terms contained therein, and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and directs consummation of the Settlement Agreement according to its terms and conditions.

8.       The Court finds that notice was provided to the members of the End Payor Class as required by Fed. R. Civ. P. 23(e) and due process and was provided as directed by this Court in the Amended Preliminary Approval Order (Dkt. No. 935).  Such notice was sent via first-class mail to those members of the End Payor Class who could be identified through reasonable effort and was also

made by publication in targeted digital media placements. Such notice constitutes the best notice practicable under the circumstances and satisfies the requirements of Fed. R. Civ. P. 23 (c)(2)(B) and Rule 23 (e)(1).

9. The Court finds that the Allocation Plan, described in the class notice and posted on the Settlement website, treats the members of the End Payor Class in a manner that is equitable and distributes the Net Settlement Fund to End Payor Class members based on a rational assessment of the strengths and weaknesses of certain claims, as well as an expert analysis of the damages distribution as between consumers and Third Party Payors. The Allocation Plan was adopted by Co-Lead counsel on the recommendation of independent Allocation Counsel who negotiated the plan at arms-length. Distribution on a pro rata basis has been approved in similar cases to this. As such, the Allocation Plan is fair, reasonable, and adequate.

10. No objections to the Settlement were filed.

11. Any member of the End Payor Class who failed to timely and validly request to be excluded from the End Payor Class shall be subject to and bound by the provisions of the Settlement Agreement. Third Party Payors who validly requested to be excluded from the End Payor Class are listed in Exhibit A to the Declaration of Kenneth A. Wexler (Doc. No. 979). A list of consumers who validly opted out has been filed and shall remain under seal pursuant to paragraphs 14 and 19 of the Amended Order Nunc Pro Tunc August 21, 2023 Granting Plaintiffs' Unopposed Motion for Preliminary Approval of End Payor Settlement and for Other Relief. (ECF No. 935.) All members of the End Payor Class not specifically set forth in these lists of exclusions shall be subject to, and bound by, the terms of this Order and the provisions of the Settlement Agreement, including but not limited to the Release and Covenant Not to Sue set forth in paragraph 12.

12.     The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

13.     This Court hereby dismisses the End Payor Class Action with prejudice, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

14.     The Court reserves exclusive jurisdiction over the Settlement and this Settlement Agreement, including the provisions of paragraph 5 of the Settlement Agreement regarding the administration and consummation of the Settlement, the award of attorneys' fees and reimbursement of costs and expenses, and the payment of service awards to each of the named End Payor Plaintiffs.

15.     The Court directs that the judgment of dismissal of all End Payor Class claims against Defendant shall be final and appealable pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay.  Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission by Defendant or any other Released Party, in this or any other matter or proceeding, nor shall either the Settlement Agreement, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any Released Party in responding to any action purporting to assert Released Claims.

16.     The Court, having fully reviewed the factors set forth in <u>Gunter v. Ridgwood Energy Corp.</u>, 223 F.3d 190, 195 n.1 (3d Cir. 2000), approves the award of attorneys' fees in the amount of one-third of the Settlement Fund or $10,000,000, plus one-third of the interest earned on the Settlement Fund as of the date of this Order.

17. The Court finds that the $1,588,715.24 in expenses reflected in the submissions of Class Counsel were reasonably incurred and of the type routinely billed by attorneys to their clients in similar cases, such as for expert, depositions, and document hosting.  In addition, Class Counsel incurred expenses of $931,255.51 providing notice to the eleven-State Class, $1,404,056.05 for nationwide notice and settlement administration, and $18,745.07 for the End Payor Plaintiffs' economist. In total, I find that $3,942,771.87 in fees and costs paid and/or accrued over a ten-year period warrants reimbursement.

18. The Court finds that the class representatives for the EPPs were active participants in the matter and, therefore, the requested award of $15,000 to each named End Payor Plaintiff is reasonable and warranted for their efforts on behalf of the End Payor Class, for a total amount of $105,000.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*

**MITCHELL S. GOLDBERG,            J.**